## VOLUME 150

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1920
AND
AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1921

---

(90 South. 419)

No. 24211.

**STATE ex rel. HUGHES v. BOARD OF COM'RS OF PORT OF NEW ORLEANS.**

**STATE ex rel. EXNICIOS v. SAME.**

(May 30, 1921. On Rehearing, Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

Municipal corporations ⬥⟼218(3)—Civil service employees who may be discharged for purpose of economy.

The board of commissioners of the port of New Orleans had no authority, for mere purpose of economy, to discharge clerks employed in the public cotton warehouse who had been examined and qualified under the civil service rules of the board in conformity with Laws Ex. Sess. 1915, No. 15, § 5, while others more recently employed were allowed to remain, though the board is not bound to keep in its employ men for whom, under the fair and reasonable requirements of its business, it has no need.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

150 LA.—1

Application by the State, on the relation of James Hughes and Hugh Exnicios, respectively, for a writ of mandamus against the board of Commissioners of the Port of New Orleans, to compel defendant to reinstate relators to positions from which they were discharged. Judgments for relators, and defendant appeals. Affirmed.

James Wilkinson, of New Orleans, for appellant.

Wm. H. Byrnes, Jr., of New Orleans, for appellees.

O'NIELL, J. Defendant appeals from a judgment making a writ of mandamus peremptory, commanding defendant to reinstate the relators in the positions or employment from which they were discharged, and commanding defendant to pay relators' salaries from the time they were discharged.

Relators were employed as clerks in the shipping or traffic department of the public

cotton warehouse controlled by the defendant board. They had been examined and had qualified under the civil service rules of the board, in conformity with the Act 15 of the Extra Session of 1915.

The statute created a board of examiners for the examination of all applicants for employment in any warehouse or other establishment in aid of commerce controlled by the board of commissioners of the port of New Orleans, excepting persons to be employed as watchmen, patrolmen, firemen, and unskilled laborers at salaries less than $75 per month, and excepting also samplers, weighers, and inspectors of cotton. The relators in this case are not excepted from the provisions of the statute. The statute declares that all persons other than those appointed on the recommendation of the board of examiners may be removed by and at the pleasure of the board of commissioners of the port of New Orleans; and it declares that all persons appointed or employed as a result of an examination by the board of examiners "shall hold their offices or employment during their good behavior, and shall only be removed on charges preferred against them to said board of commissioners, and which shall be proven contradictorily against them to the satisfaction of said board." Section 5.

The only reason for the discharge of the relators in this case was that their services were no longer needed. They were therefore discharged merely for the purpose of economy. However inconvenient and expensive it may be for the board of commissioners to have to obey the civil service law under some circumstances, the law must be obeyed under all circumstances.

The judgment is affirmed, at appellant's cost.

#### On Rehearing.

DAWKINS, J. After a further consideration of these cases and the law applicable thereto, we are of the opinion that the defendant board is not bound to keep in its employ men for whom, under the fair and reasonable requirements of its business, it has no need, even though they be under civil service. But, in dispensing with their services in the instant cases, the specific requirement of the law that preference shall be given the older employees, and those most recently employed discharged first, was entirely ignored; and, until that course has been pursued, and the status of plaintiffs properly determined as being among those subject to discharge, they cannot be disturbed.

For the reasons assigned, our former decree is reinstated and made the final judgment of this court.