98 So.2d 153

STATE of Louisiana ex rel. Rayburn L. ANDERSON

v.

Richard E. WALKER, Administrator of the Division of Employment Securities of the Department of Labor, State of Louisiana, et al.

No. 43533.

Nov. 12, 1957.

———◆———

Lewis D. Dunbar, Marion Weimer, Baton. Rouge, for respondent-appellant.

Cadwallader, Dameron & Perkins, Baton Rouge, for appellee.

HAMITER, Justice.

In this mandamus proceeding the Acting Administrator of the Division of Employment Security of the Louisiana Department of Labor and the State Treasurer appealed from a judgment ordering them to pay to relator, Rayburn L. Anderson (a former employee in such department), back salary from June 24, 1953 through October 29,

1954 (totaling $7,857), together with 5% per annum interest thereon and the stenographic costs of this proceeding, deducting therefrom the sum of $1,052.97 which is to be credited to relator's account with the Louisiana State Employees' Retirement System.

Two phases of this litigation have been considered by us previously. Initially, we entertained an appeal from a decision of the State Civil Service Commission which had upheld the dismissal of relator for cause on June 24, 1953. There we ruled that the notice of discharge was defective and, hence, that he remained in the classified service. See Anderson v. Division of Employment Security, 227 La. 432, 79 So.2d 565.

Subsequently, relator instituted this mandamus proceeding to compel payment of his salary from June 24, 1953 through October 29, 1954 (at which time he was again purportedly dismissed), he alleging that since his services had not been terminated by the first notice he was entitled to be paid during the mentioned interim. To the action respondents tendered exceptions to the jurisdiction rationae materiae and of no right and no cause of action, and they also filed a plea of lis pendens. The trial judge sustained the exceptions but overruled the plea. On an appeal we overruled the exceptions and remanded the case for trial on the merits. Respondents, at that time, did not urge their plea of lis pendens in this court.

See State ex rel. Anderson v. Walker, 230 La. 816, 89 So.2d 324.

Trial of the merits, on the remand, resulted in the aforementioned judgment from which the present appeal was taken. The appeal appears to be prosecuted only by the Acting Administrator, and we shall so treat it.

Directing attention to the fact that on July 31, 1953 relator voluntarily withdrew his accumulated contributions ($1,052.97) from the State Employees' Retirement System appellant first contends that the employee, through such voluntary act, was thereafter no longer in the state service and, accordingly, was not entitled to back pay for any period subsequent to that date. But no consideration can be given to this contention. It was the basis of appellant's special dismissal motion filed with and rejected by the Civil Service Commission, and a review of that ruling has since been foreclosed by the joint stipulation on which this court acted in decreeing that relator's attempted dismissal of June 24, 1953 was improper. See Anderson v. Division of Employment Security, 227 La. 432, 79 So.2d 565.

■■ Appellant next complains that the district court should not have allowed interest on relator's claim. This complaint is meritorious. "It is generally held that a state or its agencies cannot be compelled to pay interest upon unpaid accounts unless provision is made therefor by stipulation or

by a specific statute; general laws relative to the payment of interest are not applicable. * * *" Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627, 630. See also Makofsky v. Department of Highways, 205 La. 1029, 18 So.2d 605, Hamberlin v. Tangipahoa Parish School Board, 210 La. 483, 27 So.2d 307 and Jefferson Lake Sulphur Company, Inc., v. State, 213 La. 1, 34 So.2d 331. We are aware of no provision justifying the interest award under consideration.

■ Error is also assigned by appellant to that part of the judgment which states: "It is ordered that the costs of this suit insofar as allowed by law are to be paid by respondents. Respondents shall pay the stenographers' costs." Our statutory law provides for casting the state or other political subdivision, or public board or commission only with stenographers' costs for taking testimony in a judicial proceeding (LRS 13:4521); and the judgment here is entirely in keeping therewith. LRS 23:1548, on which appellant relies in maintaining that stenographers' costs should not be taxed against him, is inapplicable. That section applies only in situations where the administrator is acting pursuant to his duties relating to the operation and enforcement of the provisions of the Louisiana Unemployment Compensation Law.

■ Additionally, appellant complains that the trial court should have set off

against the judgment rendered in favor of relator all sums earned by the latter (outside the state service) during the interim. No authority requiring this has been called to our attention and we know of none. Furthermore, if such were proper there is no evidence in the record disclosing the amount of relator's alleged outside earnings.

 Finally, appellant contends that this action should be dismissed on a plea of lis pendens. Obviously, this contention is an afterthought, for it was not urged in the assignment of errors contained in the petition for the appeal or in the printed brief filed here; it was made only in a typewritten memorandum pasted to the inside cover of such brief and in oral argument. Nevertheless, the contention cannot now be considered. The plea of lis pendens, originally filed in limine litis and overruled by the trial judge, was involved in this mandamus proceeding when considered by us previously (230 La. 816, 89 So.2d 324); but the respondent on that hearing failed to urge it, as he might have done. This failure constituted an abandonment of the plea, and our judgment made final the trial court's overruling of it. Swope v. McCurry, 161 La. 607, 109 So. 83; Alexander v. City of Shreveport, 205 La. 480, 17 So.2d 716 and Wier v. Grubb, 228 La. 254, 82 So.2d 1. As was said in Bushnell v. Brown's Heirs, 8 Mart.,N.S., 157: "* * * We cannot travel back, beyond the proceedings posteri-

or to our last judgment." And citing the Bushnell case as its Louisiana authority, 1 A.L.R. 725 comments as follows: "The general rule, supported by the great weight of authority, is to the effect that questions which might have been, but were not, raised or presented on a prior appeal, or error, will not be considered on a subsequent appeal, or error; * * *." See also 5 C.J. S. verbo Appeal and Error, §§ 1825 and 1827.

For the reasons assigned the judgment appealed from is amended by deleting therefrom the award of interest in favor of relator and, as thus amended, it is affirmed. Relator shall pay the costs of this appeal.