109 So.2d 51

Charles E. DICKSON

v.

R. B. RICHARDSON, Director of Highways.

No. 44285.

Feb. 16, 1959.

W. Crosby Pegues, Jr., D. Ross Banister, Philip K. Jones, George W. Lester, Baton Rouge, for respondent-appellant.

Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.

McCALEB, Justice.

This is a sequel to Dickson v. Department of Highways, 234 La. 1082, 102 So. 2d 464, in which it was held that plaintiff had been illegally discharged from his position as bridgeman with the Department of Highways and that, having retained his permanent status as a classified employee under the State Civil Service System, he was entitled to his salary from February 12, 1956, as a matter of course. Upon the finality of our decree, plaintiff made demand on the Department of Highways for past due wages from February 12, 1956 until the date of his actual reinstatement on the payroll but the Department took the position that there should be credited against the total amount due him as back pay any sum or sums which he had earned during the time he was illegally separated from the service. This mandamus suit followed.

The sole defense of the Department is that, since plaintiff admittedly earned $4,504.62 during his forced separation from the service, this amount should be offset against the total sum due him as back pay. The trial judge rejected this claim and defendant has appealed.

Counsel for defendant contend that civil service employees are neither officers of the State, who draw their emoluments during the time of unlawful suspension or discharge merely because of their right to the office, nor may they be rightly said to occupy a status similar to that of an officer. Counsel assert that such employees fall within the general rule applicable to contractual employees who have been wrongfully discharged, which is, that such employees must mitigate their damages and are required to credit against their back pay sums earned by them in other employment between the date of their discharge and the date of the court's decision. To substantiate their position, counsel rely on numerous cases from other states in-

volving civil service employment which are cited and discussed at length by the annotation in 150 A.L.R. 100–125, entitled "Earnings or opportunity of earning from other sources as reducing claim of public officer or employee wrongfully excluded from his office or position". The vast majority of these cases hold that a wrongfully discharged civil service employee will be required to offset from the wages due him the amounts that he has earned during his separation from the service.

While we have utmost respect for the authorities upon which counsel depend, we do not find it necessary to discuss the rationale of those holdings [1] in view of our own pronouncements in civil service matters. It suffices to point out that, in some of these cases, the civil service statutes involved authorized the offset (like the Federal Civil Service Law, 5 U.S.C.A. Section 652(b) and unlike our Teacher's Tenure Law, R.S. 17:443 and 462—see State ex rel. Broyles v. Tangipahoa Parish School Board, La.App., 6 So.2d 696) and the others are contrary to the jurisprudence of this State.

Prior to the adoption of our present State and City Civil Service Law on November 4, 1952, as Section 15 of Article 14 of the Constitution, it had been many times held that a wrongfully discharged civil service employee is entitled to reinstatement with full pay from the date of his discharge. See State ex rel. Sonnenberg v. Board of Com'rs, 149 La. 1095, 90 So. 417; State ex rel. Hughes v. Board of Com'rs, 150 La. 1, 90 So. 419; State ex rel. Exnicios v. Board of Com'rs, 153 La. 705, 96 So. 539; State ex rel. Charles v. Board of Com'rs, 159 La. 69, 105 So. 228; State ex rel. Caire v. Board of Com'rs, 174 La. 516, 141 So. 46; State ex rel. Pepper v. Sewerage & Water Board, 177 La. 740, 149 So. 441 and State ex rel. Murtagh v. Dept. of Civil Service, 215 La. 1007, 42 So.2d 65.[2]

Although it does not appear from any of these authorities that the Court was required to decide whether the employing agency could offset the earnings of the wrongfully discharged employee, or his opportunity for earnings, during the period of his enforced separation from the payroll, the broad language used by the Court makes evident its view that the civil service employee, when reinstated by a judgment of court in a mandamus proceeding and awarded back pay, is entitled to full pay to the same extent as provided for a

---

1. However, compare the duty to mitigate damages in contractual employment with Article 2749 of the Civil Code which requires the employer to pay the employee, who has been discharged without cause prior to the contractual term, the whole of his salary.

2. The author of this opinion dissented in the Murtagh case, being of the view that, under the particular facts there presented, it was inequitable to reinstate relator with full pay from the date of his discharge.

wrongfully discharged contractual employee by Article 2749 of the Civil Code.[3]

But, even if it could be said that these cases are not wholly decisive of the question, the recent pronouncements made in civil service cases plainly dispel any doubt for, in State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827; State ex rel. Anderson v. Walker, 230 La. 816, 89 So.2d 324; Day v. Dept. of Institutions, 231 La. 775, 93 So.2d 1; State ex rel. Boucher v. Heard, 232 La. 499, 94 So.2d 451 and Bennett v. Louisiana Wild Life & Fisheries Comm., 234 La. 678, 101 So.2d 199, it has been stated in unmistakable terms that whenever an employee is illegally dismissed he is entitled to receive payment of his salary during the time that he has not been carried on the payroll. Indeed, in State ex rel. Anderson v. Walker, 233 La. 687, 98 So.2d 153, the identical complaint made herein was raised, that is, that the trial court should have set off against the judgment all sums earned by the relator during the time he was off the State payroll. This plea was rejected on the ground that no authority had been cited requiring such a set-off.

▮▮▮ In reaching the conclusion that defendant is not entitled to deduct wages earned by plaintiff during the time he was illegally separated from the service, we have given consideration to Section 15(O) (3) of Article 14 of the Constitution which vests the Civil Service Commission with the authority, in the event it finds on appeal that an employee has been wrongfully dismissed or suspended, to reinstate him "* * * under such conditions as it deems proper and may order full pay for lost time". We regard the discretionary power conferred by this provision as extending only to cases in which the Commission itself reinstates the employee. In such instance, the Commission unquestionably may make such deductions from pay as it finds justifiable under the particular circumstances of the case, subject only to correction here in event of arbitrary action. See Hermann v. New Orleans Police Department, 236 La. ——, —— So.2d ——. But, when the Commission has denied relief to the employee and its decision is reversed here and the employee reinstated, the reinstatement will be effected in conformity with the established jurisprudence in mandamus actions—that is, with full pay from the date of the wrongful separation from the service, without deduction of other earnings.

The judgment appealed from is affirmed.

---

3. The Article reads: "If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay such laborer the whole of the salaries which he would be entitled to receive, had the full term of his services arrived."