171 So.2d 476

Robert R. BOUCHER, A. C. Wilkinson, Jules R. Gueymard,

v.

DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR of The

State of Louisiana.

No. 47599.

Feb. 23, 1965.

In re: F. C. Doyal, Jr., Administrator, etc., applying for certiorari, or writ of review, to the Court of Appeal, First Circuit. 169 So.2d 674.

The application is denied. See per curiam.

PER CURIAM.

The Court of Appeal, in its decree, has rendered judgment in favor of Robert R. Boucher, A. C. Wilkinson, and Mrs. Ethel Dickinson, Widow of Jules R. Gueymard, Testamentary Executrix of the Succession of Jules R. Gueymard "for back pay * * in accordance with law."

Applicant, F. C. Doyal, Jr., in his official capacity as Administrator of the Division of Employment Security, Department of Labor, State of Louisiana, contends that the Civil Service Commission has the right to exercise the administrative function of determining the circumstances of reinstate-

ment based on the circumstances pertaining in each case, and that the legislature contemplated situations wherein circumstances may justify reinstatement without pay.

W. W. McDougall, Director of Personnel of the Department of State Civil Service, has filed a petition in this cause to be made a party of record joined with applicant in his application for a writ of review under the authority of LSA–R.S. 13:3417. He contends that Civil Service Rule 13.18(b) has the effect of law and provides that an appellant consenting to a continuance of a hearing of his appeal shall not be awarded any compensation for lost time, if his appeal be finally sustained, for that portion of the time lost by reason of the continuance.

The Administrator, applicant, and the Director of Personnel, petitioner, are reserved the right (in determining the respective amounts which may be due said employees) to urge and apply for credit and set-off of all wages and salaries earned by the employees in private employment in the period of separation. LSA–R.S. 49:113, Higgins v. Louisiana State Penitentiary, Dept. of Institutions, 245 La. 1009, 162 So.2d 343, and to invoke and urge Civil Service Rule No. 13.18(b).

In all other respects, on the facts found and since there appears no error of law in the Court of Appeal judgment, the application is denied.

McCALEB, J., is of the view that a writ should be granted as a matter of right under Section 11, Article 7 of the Constitution since the decision herein is in direct conflict with Domas v. Division of Employ. Sec. of Dept. of Labor, 227 La. 490, 79 So.2d 857 and Anderson v. Division of Employ. Sec. of Dept. of Labor, 233 La. 694, 98 So.2d 155.

HAWTHORNE, Justice.

The decision of the Court of Appeal in this case is in direct conflict with the holding of this court in Domas v. Division of Employ. Sec. of Dept. of Labor, 227 La. 490, 79 So.2d 857, and for this reason relator's application should be granted as a matter of right. Art. 7, Sec. 11, La. Const. of 1921, LSA.