210 So.2d 75 (1968)
Robert R. BOUCHER et al.
v.
F. C. DOYAL, Jr., Administrator, Division of Employment Security, Department of Labor, State of Louisiana et al.
No. 7338.
Court of Appeal of Louisiana, First Circuit.
April 8, 1968.
Rehearing Denied May 27, 1968.
*77 Marion Weimer, Melvin L. Bellar and James A. Piper, Baton Rouge, for defendant Doyal etc.
Louis A. Quinn, Baton Rouge, for W. W. McDougall, Director of Personnel.
James J. Morrison, New Orleans, for appellees.
Before LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
These appeals by defendants, F. C. Doyal, Jr., Administrator, Division of Employment Security, Department of Labor, State of Louisiana, (Administrator), A. P. Tugwell, Treasurer, State of Louisiana (Treasurer) and W. W. McDougall, Director of Personnel, Department of State Civil Service, State of Louisiana (Director), are from the judgment of the trial court awarding back pay to three civil service employees, Robert R. Boucher, Jules R. Gueymard and Ancil C. Wilkinson, pursuant to our decree in the former action between these same parties, namely, Boucher et al. v. Division of Employment Security, La.App., 169 So.2d 674, wherein we held plaintiffs were illegally discharged from their respective positions with the Division of Employment Security, State of Louisiana.
Our former decree ordered Boucher and Wilkinson reinstated with wages or salaries due from October 29, 1954 to March 1, 1965, in accordance with law. Since Mr. Gueymard died on January 23, 1963, his widow and testamentary executrix (Ethel Dickinson Gueymard) was allotted back pay from October 29, 1954, through January 23, 1963, in accordance with law. The Administrator's application for writs in the former action was denied in a per curiam opinion of the Supreme Court, see Boucher v. Division of Employment Security, Department of Labor, 247 La. 356, 171 So.2d 476, wherein the higher authority affirmed our previous decree with reservation of the right of defendants-appellants to offset "all wages and salaries earned by the employees in private employment in the period of separation * * * and to invoke and urge Civil Service Rule No. 13.18(b)."
Upon the finality of the previous action, plaintiffs instituted the present suit to determine the precise amount of back pay due. By agreement of all parties, a judgment was entered below fixing a certain amount of undisputed back wages due each employee. The matter then went to trial on the remaining amounts in controversy resulting in judgment awarding the respective employees back pay during the hereinabove mentioned intervals.
*78 The salient facts are either admitted or stipulated. It is conceded by all concerned that only certain novel questions of law are presented by the appeal at hand.
We believe a clearer understanding of the numerous issues involved herein will result from a brief presentation of the assignments of errors made by the respective parties.
The lower court held that certain continuances granted by the Civil Service Commission (Commission), during the pendency of plaintiffs' appeals, commencing January 19, 1956, were not allowed pursuant to Commission Rule 13.18(b), which in effect provides that a reinstated employee shall not be awarded compensation for time lost while a continuation of his appeal remains in force with the consent of all parties concerned. Rather the lower court ruled the disputed continuances were granted in accordance with Commission Rule 13.18(c) which in substance provides for continuances during which no forfeiture of lost time is involved.
The trial court also held that certain commissions earned by plaintiff Wilkinson as a real estate and insurance salesman between October 29, 1954 and May 31, 1960, were not "wages and salaries" within the meaning of LSA-R.S. 49:113 and therefore not subject to offset against his claim for lost time.
Regarding the claim of decedent Gueymard, the trial court held his entitlement to wages between his dismissal on October 29, 1954, and death on January 23, 1963, was res judicata by virtue of our former decree. On this basis the lower court concluded that Gueymard's voluntary retirement on March 19, 1958, did not affect his heirs' right to recover the wages he lost between the date of his said retirement and his death on January 23, 1963.
Additionally, the lower court held plaintiffs were entitled to interest on all wages due from the date of discharge, namely, October 29, 1954.
Appellants make the following basic contentions of error: (1) Certain continuances of plaintiffs' appeals before the commission commencing January 19, 1956, should be decreed to be in pursuance of Commission Rule 13.18(b) and the duration thereof deducted from the period during which appellants may be awarded back pay; (2) The commissions earned by appellee Wilkinson as a real estate and insurance salesman are "wages and salaries" within the meaning of the terms as included in LSA-R.S. 49:113 and properly subject to offset against back pay due said employee; (3) The trial court improperly allowed the legal representative of decedent Gueymard back pay during the interval between decedent's voluntary retirement and death which events transpired March 19, 1958, and January 23, 1963, respectively, and (4) Interest on the back pay due appellees is not recoverable in any amount whatsoever inasmuch as defendant employer, Administrator, is a state agency against whom interest may not be awarded in the absence of express statutory authority.
Plaintiffs have answered these appeals complaining that the lower court erred in holding LSA-R.S. 49:113 constitutional instead of declaring it unconstitutional in violation of La.Const. Art. 14, Section 15(I) (c), the Civil Service Amendment. On this basis it is contended first that the trial court improvidently applied the statute in question to allow offset of wages admittedly earned by plaintiff Boucher as a construction worker during a portion of the term of his dismissal. Counsel next argues that the unconstitutionality of the statute makes it unnecessary for the court to determine whether commissions fall within the ambit of the terms "wages and salaries" as applied to the claim of plaintiff Wilkinson. Alternatively, it is urged that if the aforesaid offset of wages statute is constitutional, it is not retroactive and therefore cannot be invoked, as did the trial court to offset wages earned by Wilkinson and Boucher prior to the effective date of the law.
*79 Appellees also maintain that Commission Rule 13.18(b) was wrongfully applied herein by the trial court to Wilkinson's claim because his reinstatement was judicially ordered with back pay. Alternatively, it is argued that application of the rule in a judicial proceeding is unconstitutional in that it (1) contravenes the separation of governmental powers provision contained in Louisiana Constitution Article 1, Sections 1 and 2; and (2) it is also violative of La.Const. Art. 14, Sec. 15(O) (1). It is further contended the trial court's aforesaid application of the rule in question is contrary to the declarations of the Supreme Court in Dickson v. Richardson, 236 La. 668, 109 So.2d 51. Finally, appellees urge Rule 13.18(b) was wrongfully applied by the trial court to the period April 11, 1955 to January 19, 1956, whereas its pertinency terminated July 19, 1955, inasmuch as all continuances granted thereafter were pursuant to Rule 13.18 (c), which contains no provision for forfeiture of lost time claims.
We shall first address ourselves to the question of the proper interpretation and application of Commission Rule 13.18, which reads as follows:
"13.18 Continuances.
(a) Appeals fixed for hearing and not reached shall be refixed by preference over any appeal subsequently docketed.
(b) Appeals fixed for hearing may be continued by consent of all parties, but shall be relegated to the foot of the docket for refixing. An appellant consenting to such continuance shall not be awarded any compensation for lost time, if his appeal be finally sustained, for that portion of the time lost by reason of the continuance.
(c) Continuances for cause deemed sufficient by the Commission may be granted or ordered by the Commission, without prejudice to appellant.
Any case continued for cause shall be specially assigned for hearing at the earliest convenient date."
It is now settled beyond doubt that the Commission's rules have the effect of law. La.Const. Article 14, Section 15(I); Hays v. Wildlife and Fisheries Commission, La.App., 136 So.2d 559, affirmed 243 La. 278, 143 So.2d 71.
Before disposing of the conflicting contentions with respect to which particular continuances were granted by the Commission pursuant to rule 13.18(b) and (c), we must first resolve plaintiffs' argument that the rule is without application in a judicial proceeding. In this respect it is initially contended the rule is a mere internal administrative regulation and therefore inapplicable to the case of an employee judicially reinstated with back pay. Stated otherwise, plaintiffs maintain the rule may be invoked only in those instances wherein the Commission itself orders restoration of an employee with pay. As we understand plaintiffs' argument, to apply Rule 13.18 in a judicial proceeding which results in a decree of reinstatement with pay, violates the separation of governmental powers article found in La.Const. Article 1, Sections 1 and 2. According to plaintiffs, such application imposes the Commission's rules upon the courts in contravention of La.Const. Art. 14, Sec. 15(O) (1), pursuant to which only the State Supreme Court has the authority to promulgate rules of procedure for taking appeals from the judgments of the Commission. We find the foregoing arguments without merit inasmuch as the rules of the Commission are expressly accorded the effect of law by the terms of La.Const. Art. 14, Sec. 15(I); Perkins v. Director of Personnel, La.App., 197 So.2d 116. It is well settled that appeals from the rulings of the Commission are limited to questions of law. La.Const. Art. 14, Sec. 15(O) (1); Smith v. Louisiana State Board of Health, La.App., 201 So.2d 14. We note particularly that the foregoing constitutional provision *80 states the "* * * appeal shall be * * * on any question of law * * *." We are at a loss to determine wherein applying the rules of the Commission, which have the effect of law, is violative of La.Const. Article 1, Sections 1 and 2, which provide for a separation of powers among the three basic branches of state government, namely, legislative, executive and judicial. Rather we find that in applying the Commission's rules, which have the effect of law, the courts are simply following the clear and express mandate of La.Const. Art. 14, Sec. 15(O) (1) to review any question of law on appeal from the Commission's rulings. Nor do we discern wherein application of said rule violates that portion of La.Const. Art. 14, Sec. 15(O) (1) which authorizes the Supreme Court alone to make rules of procedure for taking appeals from the decisions of the Commission. The rule under discussion has no reference whatsoever to the procedural aspect of appeals. It is a regulation adopted by the Commission prescribing whether and to what degree extensions granted by the Commission shall or shall not affect the right of an employee to recover back pay upon reinstatement. It does not affect the employee's right to appeal nor the manner in which the same shall be exercised. It encompasses only a substantive right which may be dealt with in the event of appeal.
Neither do we find merit in plaintiffs' argument that Rule 13.18 is contrary to the decision in Dickson v. Richardson, 236 La. 668, 109 So.2d 51, which holds that judicially decreed reinstatement to position with back pay does not admit of deductions therefrom. In answering this contention, we first note that Rule 13.18 was not involved in the Dickson case, supra. The cited authority involved deductions by an employing agency, not the Commission. Here the Commission is acting pursuant to its own rule which falls within the ambit of its rule making authority as set forth in La. Const. Art. 14, Sec. 15. We conclude, therefore, Rule 13.18 is not violative of any constitutional provisions cited by appellees nor is it contrary to jurisprudence established by Dickson v. Richardson, supra.
Having found Rule 13.18 pertinent to the case at hand, we now proceed to determine which continuances should be adjudged to have been granted within the scope of Section (b) thereof. The Commission's minutes, excerpts of which appear of record as part of a joint stipulation among the litigants, reveal that on April 11, 1955, a continuance of plaintiffs' appeals was granted with the consent of all parties. The entry further reflects that the Commission granted the continuance and relegated plaintiffs' appeals to the foot of the Commission's docket in accordance with the provisions of Rule 13.18(b). Under such circumstances there can be no doubt but that this continuance was authorized pursuant to Section (b) of the pertinent regulation. An excerpt from the Commission's minutes of January 19, 1956, notes a joint motion by counsel for all litigants for an indefinite continuance pursuant to which all cases were again relegated to the foot of the Commission's docket. The final minute entry with which we are concerned bears the date January 22-23, 1958, and indicates that plaintiffs' appeals of their dismissals were heard.
The trial court found that the continuance granted during the interval April 11, 1955, to January 19, 1956, was authorized pursuant to Rule 13.18(b) but that the extensions permitted January 19, 1956, and subsequently, were allowed under Rule 13.18(c). The Commission contends that since the prolongation of January 19, 1956, was entered upon joint motion of all parties pursuant to which all cases were relegated to the foot of the Commission's docket, the continuance was granted under Section (b) and earned wages during this period should be offset. Plaintiffs, however, contend the extensions of January 19, 1956, and subsequent dates were granted pursuant to Section (c) because their appeals were thereby continued indefinitely. Additionally, plaintiffs aver these latter continuances were granted to serve the convenience of the Commission. In this latter respect it is *81 urged that the testimony of the Commission's Chairman, McDougall, discloses these delays were granted because an appeal then pending before the State Supreme Court involved another case arising from the same circumstances as these matters and the Commission felt the Supreme Court's decision therein would be dispositive of these appeals. Conversely, plaintiffs contend McDougall's testimony shows that after the April 11, 1955 continuance, plaintiffs' appeals would have normally been heard by the Commission at its session of July 15, 1955. Therefore, plaintiffs argue, since the minutes of the Commission's meeting of July 15, 1955, show no action on plaintiffs' appeals as of that date, continuation beyond July 15, 1955 must be deemed in accordance with Section (c).
After review of the record herein, we find ourselves in disagreement with plaintiffs' contentions and the decision of the trial court as well. Unquestionably the continuance of April 11, 1955, was granted pursuant to Rule 13.18(b) since the Commission's minutes reflect such to be the case. This is undoubtedly a factual finding binding upon the courts upon review of the Commission's orders. La.Const. Art. 14, Sec. 15(O) (1). We find no merit in plaintiffs' contention that the Commission's failure to take further action regarding these cases at its July, 1955, session amounted to a continuance thereafter pursuant to Rule 13.18(c). Plaintiffs' position in this regard, as we understand it, is that since they did not consent to a continuance beyond July 15, 1955, and since the Commission's failure to act on the matter at its July, 1955, sitting does not fall within the scope of Section (a) of Rule 13.18, which deals with a case fixed for hearing but not reached, the extension of this continuance beyond the July, 1955, session falls neither within Sections (a) or (b) of the rule and must perforce be considered to come within the purview of Section (c).
The fallacy of plaintiffs' argument lies in the fact that Rule 13.18 obviously contemplates continuance of appeals set for hearing by the Commission. Such a conclusion is inescapable from a reading of the Rule in its entirety. Moreover, we note that Rule 13.15 expressly deals with the assignment of appeals for hearing and states in effect that so far as practicable cases shall be assigned in the order docketed. Rule 13.15, however, allows some latitude for deviation therefrom for cause.
According to the Commission's chairman, McDougall, the continuance of April 11, 1955, meant only that at the July, 1955, session of the Commission these continued cases would have been considered for assignment and not necessarily assigned for that or any other particular date. It appears, therefore, that since the cases were not refixed for hearing but continued without date by mutual consent, the failure of the Commission to act thereon at its session in July, 1955, does not amount to a unilateral continuance by the commission thereafter. At the July, 1955, session of the Commission, the continuance granted April 11, 1955, remained in effect and so persisted until the matter was reassigned for hearing. Granting arguendo, it was the Commission's obligation to reschedule these causes for hearing, nothing in the record before us discloses any dereliction on the Commission's part in this respect. Under such circumstances appellants' consent to the continuation beyond July, 1955, is and must be presumed.
These matters were again fixed by the Commission for hearing on January 19, 1956, on which date a continuance was granted. The record contains the acquiescence of all parties thereto. In testifying with regard to this particular opinion, McDougall conceded the Commission desired an indefinite postponement to await the decision of the Supreme Court in a case which the Commission believed would be decisive of these matters. It further appears that counsel for plaintiffs-employees readily consented thereto because, in his words, "All of us were anxious to have it held up." Appellants' *82 acquiescence in said postponement, for reasons mutually agreeable to both the Commission and appellants, brought said deferment squarely within the provisions of Section (b) of the rule. Continuances envisioned by Rule 13.18(c) are those entered unilaterally by the Commission to serve its own convenience and those granted solely upon application of an employee for reasons which the Commission deems good cause. Evidently the Commission has so interpreted its rule. We agree that such a construction is fair and reasonable as a matter of law. The scope of the rule as we interpret it is clearly within the rule making power vested in the Commission pursuant to La.Const. Art. 14, Sec. 15(I). We observe, however, that any arbitrary, capricious or discriminatory application of the rule by the Commission would present a question of law reviewable by the Courts. La.Const. Art. 14, Sec. 15(O) (1). No such discrimination or arbitrary action is alleged herein nor does our independent consideration of the record disclose any improper or ulterior motive of the Commission in this proceeding.
We next consider plaintiffs' attack on the constitutionality of LSA-R.S. 49:113 and the alternative contention that the terms "wages and salaries" as used therein do not encompass commissions earned in the sale of real estate and insurance. The statute reads as follows:
"Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation."
Plaintiffs argue the statute is unconstitutional as it violates La.Const. Art. 14, Sec. 15, which grants the Commission sole authority over disbursements to classified employees as well as exclusive control of the conditions for payment of their salaries. On this premise it is contended the Commission alone has authority to provide for credits or offsets for salary or wages ordered paid a reinstated employee. Consequently, according to plaintiffs, since the Commission has not adopted an offset or credit rule, LSA-R.S. 49:113 is invalid and should not have been invoked by the trial court to decree an offset of certain wages earned by plaintiff Boucher. Alternatively, it is maintained that if LSA-R.S. 49:113 is constitutional, the trial court improperly gave it retroactive effect in giving credit for wages earned by Wilkinson and Boucher prior to the effective date of the statute. On the other hand the Commission contends the statute is both constitutional and retroactive in scope but that the lower court erred in holding the terms "wages and salary" as used therein does not apply to commissions earned on the sale of real estate and insurance and that such commissions were not subject to offset as regards the claim of plaintiff Wilkinson.
Plaintiffs' argument that the Commission is vested with sole authority to determine the question of offsets or credits for wages earned during dismissal may be answered by pointing out that Const. Art. 14, Sec. 15(P) (6) expressly reserves to the legislature the right and authority to adopt supplementary laws regulating the various Civil Service Systems provided such new statutes do not conflict with any provision of the Civil Service Amendment.
The discretionary power of the Commission to reinstate wrongfully dismissed employees subject to such conditions it deems proper extends only to those instances in which the Commission itself restores the employee to his former position. Dickson v. Richardson, 236 La. 668, 109 So. 2d 51. The Dickson case, supra, reviewed the history of our jurisprudence which historically and traditionally provided for reinstatement of improperly dismissed employees with back pay. In the Dickson case, supra, reinstatement was ordered by the *83 Court with back pay in accordance with established jurisprudence. Dickson v. Richardson, supra, in essence recognizes the hiatus which existed in the law prior to the advent of LSA-R.S. 49:113. Theretofore the law was that the Commission could by reasonable regulations provide for offset of wages during periods of dismissal in all cases of reinstatement ordered by the Commission but that upon court ordered reinstatement no such offset was permissible. Dickson v. Richardson, supra. There can be little doubt that the legislature intended LSA-R.S. 49:113 to fill the gap noted inasmuch as the pertinent statute expressly authorizes the appellate courts to offset wages and salaries against compensation due during the period of illegal dismissal in instances wherein the courts find improper dismissal and order reinstatement. Clearly, therefore, the terms of LSA-R.S. 49:113 fall within the scope of supplementary law contemplated by La.Const. Art. 14, Sec. 15(P) (6) and is therefore impervious to attack on the grounds herein alleged by plaintiffs.
Nor do we entertain any doubt regarding the retroactive effect of LSA-R.S. 49:113. Its provisions are clearly remedial in nature and obviously designed to protect the public fisc by minimizing the claims of discharged employees who are gainfully employed during intervals of improper dismissal. The statute operates to serve a function fair to both state and employee. It estops payment to a wrongfully discharged employee of a premium during an interval in which he performs no service of value to the state; at the same time it insures the employee receipt of the amount he would have been entitled to earn in wages had he not been improperly discharged.
Having found LSA-R.S. 49:113 both constitutional and retroactive in application, we now consider appellants' argument that the trial court erred in holding earnings by plaintiff Wilkinson in the form of commissions received for the sale of real estate and insurance during the interval October 29, 1954, to May 31, 1960, were not wages or salary and therefore not subject to offset or credit against back pay due said plaintiff.
Plaintiffs argue the terms "wages and salaries", as used in the statute, mean fixed compensation for wages earned in an employer-employee relationship. Considering the remedial nature of the statute, to accord it the full scope which the legislature undoubtedly intended, we are impelled to hold the words "wages and salaries" were meant and contemplated in their broad sense, namely, earnings from employment even if paid on a commission rather than fixed salary or wage basis. What the legislature evidently intended was the offsetting or crediting against back pay due of all income earned by one's own endeavors in the performance of work or labor for another employer. While the term "wages and salaries" does not envision income from a business, or interest or dividends, as found by the trial court, it does include the increment of one's labor or endeavor as a salesman, whether paid on a salary or commission basis. In this conclusion we are fortified by the ruling in Swain v. Kirkpatrick Lumber Co., 143 La. 30, 78 So. 140, 20 A.L.R. 665, wherein the Supreme Court held that wages comprehend remuneration paid for service rendered, irrespective of how paid. We find, therefore, the trial court erred in declining to allow credit or offset for the commissions paid plaintiff Wilkinson.
We now consider appellants' contention that the trial court improperly allowed the legal representative of decedent, Gueymard, back wages from the date of decedent's voluntary retirement (March 19, 1958), until his demise (January 23, 1963). It is conceded that during this interval decedent received an aggregate of $8,831.83 in retirement benefits. Alternatively, appellants argue decedent was not entitled to back pay *84 from July 14, 1961, (the day on which he would have been compulsorily retired had he remained in the classified service) to January 23, 1963, the date of his death. In the further alternative, appellants maintain any back pay awarded said decedent should be offset by the amount of retirement benefits received during the same interval. In holding Gueymard's heirs entitled to back pay without deduction or offset for retirement benefits received, the trial court found the matter was res judicata on the basis of the former decree of this court ordering said decedent reinstated with back pay from October 29, 1954, through January 23, 1963.
We find merit in the Commission's argument that the question of offset or credit against salary or wages due decedent Gueymard was not previously adjudged in our former decree. It is to be noted that our prior decree ordered back wages paid "in accordance with law." The question of the effect of Gueymard's receipt of retirement benefits or his right to back pay during the interval such benefits were received was not passed upon by either this court or the Supreme Court in the previous proceeding. Therefore, when reinstatement was ordered, the Commission was at liberty to urge the claims of offset and credit now advanced. Plaintiffs maintain, however, that the Supreme Court's decree reserved to the Commission only the right to claim offset pursuant to LSA-R.S. 49:113 and Rule 13.18 (b), no express reservation being made of the right to urge offset of retirement benefits paid decedent. Therefore, say plaintiffs, no claim of credit or offset was reserved to the Commission based on Gueymard's receipt of retirement benefits. Plaintiffs also argue Gueymard's retirement was at issue in the previous action because the Commission moved therein to dismiss said decedent's appeal on the ground of his voluntary retirement. In so contending plaintiffs rely on State ex rel. Anderson v. Walker, 233 La. 687, 98 So.2d 153, as authority for the proposition that the Commission's failure to pursue the matter and urge the question of retirement on the former appeal amounts to a waiver or abandonment of the issue.
We do not consider the issue res judicata as contended by plaintiffs. The issue of Gueymard's retirement was never before either this Court or the Supreme Court in the prior litigation. Nor do we find therein where said issue was adjudicated by either court. The issue could not be abandoned before it was raised. Moreover, the qualifying phrase "in accordance with law" used by this court in decreeing plaintiffs' right to back pay was not intended as mere idle words or window dressing. It meant that plaintiffs should receive such back pay as they were entitled to according to applicable law and jurisprudence. It did not foreclose the right of the Commission to assert any defense or contention available under our laws but contrarily reserved such right to the Commission. Nothing in our law sanctions the simultaneous payment to a discharged employee of his entire wages and full retirement benefits. Such a ruling would result in an obvious inequity which the courts cannot countenance; its effect upon the public treasury would be patently devastating.
There remains the question of interest. The trial court awarded interest on all claims from October 29, 1954, to the date of reinstatement. In so doing, the lower court erred. It is now well settled that general laws relative to payment of interest are not applicable to the state and its agencies and that neither the state nor any of its agencies may be cast for interest on an unpaid account in the absence of stipulation or express statutory authority so providing. State ex rel. Anderson v. Walker, 233 La. 687, 98 So.2d 153.
Notwithstanding the extended history of these matters and the lengthy duration of their pendency before the courts, we nevertheless reluctantly conclude we must remand *85 this matter for computation of the sums due the respective plaintiffs in conformity with the decree which follows:
Accordingly, it is ordered, adjudged and decreed that the judgment of the trial court is hereby amended and revised and judgment rendered herein in favor of plaintiff Robert R. Boucher, against the Division of Employment Security of the Department of Labor of the State of Louisiana, for back pay from October 29, 1954, through February 28, 1965, subject to the offset allowed pursuant to Civil Service Rule No. 13.18(b) for the period April 11, 1955, through January 21, 1958, and also subject to credit pursuant to LSA-R.S. 49:113 for wages or salaries earned in private employment from October 29, 1954 through April 10, 1955, and from January 21, 1958, through February 28, 1965, without interest.
It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff Ancil C. Wilkinson and against the Division of Employment Security of the Department of Labor of the State of Louisiana, for back pay from October 29, 1954, through February 28, 1965, subject to the offset provided pursuant to Civil Service Rule No. 13.18(b) for the interval April 11, 1955, through January 21, 1958, and also subject to credit allowed by LSA-R.S. 49:113 for earnings in private employment from October 29, 1954, through April 10, 1955, and from January 21, 1958, through May 31, 1960.
It is further ordered, adjudged and decreed that there be judgment in favor of Mrs. Ethel Dickinson Gueymard, widow of Jules R. Gueymard, Testamentary Executrix of the Succession of Jules R. Gueymard, deceased, and against the Division of Employment Security of the Department of Labor of the State of Louisiana, for back pay from October 29, 1954, through July 14, 1961, subject to the offset allowed pursuant to Civil Service Rule No. 13.18(b), for the period April 11, 1955, through January 21, 1958, and also subject to credit for retirement benefits received by said decedent from March 19, 1958, through July 14, 1961, without interest.
It is further ordered, adjudged and decreed that contributions in the percentages fixed by law be made by the Division of Employment Security of the State of Louisiana to the State Employees' Retirement System for the accounts of plaintiffs Robert R. Boucher and Ancil C. Wilkinson to bring each said plaintiffs' retirement account current, subject to credit for such contributions previously made by the Division of Employment Security of the Department of Labor of the State of Louisiana.
It is further ordered, adjudged and decreed that these matters be remanded to the trial court for computation of the money judgments due the respective plaintiffs herein in accordance with the views herein expressed.
It is further ordered, adjudged and decreed that the Division of Employment Security of the Department of Labor of the State of Louisiana, be and the same is hereby cast for the cost of all stenographer's fees incurred in these proceedings; all other costs to be paid by plaintiffs-appellants in equal proportions.
It is further ordered, adjudged and decreed that these consolidated matters be remanded to the trial court for determination of the specific monetary amounts due plaintiffs herein in accordance with the views herein set forth.
Amended and remanded.