231 So.2d 568 (1970)
Guy LeBLANC, Jr.
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 3786.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 1970.
Rehearing Denied March 9, 1970.
Writ Refused April 20, 1970.
Krasnoff & Silvers, Sanford Krasnoff, J. Terrell Heath, New Orleans, for appellant.
Alvin J. Liska, City Atty., Beuker F. Amann, First Asst. City Atty., Maurice B. Friedman, Asst. City Atty., for appellee.
Before REDMANN, LeSUEUR and SWIFT, JJ.
LeSUEUR, Judge.
This case involves an appeal from a ruling of the Civil Service Commission of the City of New Orleans, No. 454-B, which was consolidated for hearing with Nos. 454 and 454-A.
The facts which provoked the appeal to the Commission are not in dispute and are sufficiently presented in the record before this court to sustain the Commission's finding that the appellant was illegally dismissed and should again be allowed to report for duty, if available. Questions of fact as determined by a Civil Service Commission are final leaving only questions *569 of law to be determined by the Appellate Court. Robbins v. New Orleans Public Library, La.App., 208 So.2d 25 (Ct. App.4th Cir. 1968). Thus, the only question before this court on appeal is a question of law, i.e., the Commission's authority to order a credit or setoff of wages earned in other employment against the back wages due for the period of illegal dismissal.
The Civil Service Commission of the City of New Orleans has certain discretionary powers concerning back pay for dismissed or suspended employees under the provisions of the Constitution of the State of Louisiana, Article 14 § 15(0) (3), which provides:
"If any commission after any hearing orders a dismissed or suspended employee reinstated, it may reinstate such employee under such conditions as it deems proper and may order full pay for lost time."
The above cited provision of the Constitution has been interpreted on numerous occasions in relation to civil service employees who have been illegally dismissed or suspended and the most important decisions are cited in Hermann v. New Orleans Police Department, 238 La. 81, 113 So.2d 612 (1959). Chief Justice Fournet on rehearing, at pp. 617-620, thoroughly covers the jurisprudence up to that date, which held that the Civil Service Commission did not have any discretionary powers regarding back wages when the employee was illegally dismissed or suspended and that he is entitled to all wages for the period in question without any allowance or setoff for wages earned at other employment. In Hearty v. Department of Police, City of New Orleans, 238 La. 956, 117 So.2d 71 (1960), the court at p. 73 stated:
"We again reiterate the settled jurisprudence to be that the unlawfully suspended or dismissed civil servant is entitled as a matter of right to his salary during the period of his illegal suspension or dismissal, and that under such circumstances, as is here presented, the Civil Service Commissions are without the discretionary power as authorized under Section 15(0)(3) of Article 14 of the Constitution."
In conflict with the above jurisprudence was the statement made in Dickson v. Richardson, 236 La. 668, 109 So.2d 51 (1959), which states:
"In reaching the conclusion that defendant is not entitled to deduct wages earned by plaintiff during the time he was illegally separated from the service, we have given consideration to Section 15(0)(3) of Article 14 of the Constitution which vests the Civil Service Commission with the authority, in the event it finds on appeal that an employee has been wrongfully dismissed or suspended, to reinstate him `* * * under such conditions as it deems proper and may order full pay for lost time'. We regard the discretionary power conferred by this provision as extending only to cases in which the Commission itself reinstates the employee. In such instance, the Commission unquestionably may make such deductions from pay as it finds justifiable under the particular circumstances of the case, subject only to correction here in event of arbitrary action. See Hermann v. New Orleans Police Department, 238 La. 81, 113 So.2d 612. But, when the Commission has denied relief to the employee and its decision is reversed here and the employee reinstated the reinstatement will be effected in conformity with the established jurisprudence in mandamus actionsthat is, with full pay from the date of the wrongful separation from the service, without deduction of other earnings." (Emphasis added.)
Because of the Supreme Court decision concerning credit or setoff and the conflicts contained therein, the State Legislature attempted to correct the problem in 1960 by enacting Act No. 191, § 1, Acts of 1960, as contained in LSA-R.S. 49:113:
"Employees in the state or city civil service, who have been illegally discharged *570 from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation. (Acts 1960, No. 191, § 1.)
The Supreme Court considered § 113 in Higgins v. Louisiana State Penitentiary, Dept. of Inst., 245 La. 1009, 162 So.2d 343 (1964). In the Higgins case, the Civil Service Commission found that plaintiff's removal was justified. On appeal, the Court of Appeal reversed the Commission and ordered plaintiff reinstated "with full back pay from the date of termination of his employment until reinstatement". The Supreme Court amended the judgment of the Court of Appeal and gave a "credited and set-off for all wages and salaries earned by the employee in private employment in the period of separation", because the court interpreted § 113 thusly:
"This act of the Legislature is a mandate to the effect that when the appellate courts find that an employee in the state or city civil service has been illegally discharged, as the Court of Appeal has found in the instant case, the employee shall be entitled to be paid all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.
"Article 14, Section 15(0)(1), of the Constitution of this state provides that the decision of the Civil Service Commission shall be final on the facts. Under this provision an appeal from a decision of the Commission to the appellate court having jurisdiction lies only on questions of law. Whether a dismissed employee in the civil service had private employment during the period of separation and what was the amount of wages and salaries earned by him in private employment are questions of fact, of which this court under the above cited provision of the Constitution is without jurisdiction. The question of law before us, however, is whether the Court of Appeal erred in failing to order that the employing authority might offset the amount of wages and salaries owed to Higgins during the period of illegal separation by any amount he might have earned in private employment during that period."
LSA-R.S. 49:113 was applied recently in Boucher v. Doyal, 210 So.2d 75 (La. App.1st Cir. 1968), certiorari denied 252 La. 833, 214 So.2d 160 (1968). The court, at p. 83, stated:
"* * * the pertinent statute expressly authorizes the appellate courts to offset wages and salaries against compensation due during the period of illegal dismissal in instances wherein the courts find improper dismissal and order reinstatement."
We are in agreement with the Commission's determination. Therefore, we find that appellant was illegally discharged from his employment, that he is entitled to be paid all salaries and wages withheld during the period of illegal separation, and that, under LSA-R.S. 49:113, all wages and salaries earned by plaintiff in private employment during the period of separation shall be credited and setoff against any wages due him by the New Orleans Police Department.
For the foregoing reasons, the ruling of the Civil Service Commission of the City of New Orleans sustaining the appeal of Guy LeBlanc, Jr. and ordering that he be reinstated to his former rank effective immediately, if he is available for duty, and further ordering that he be reimbursed for back wages of his base wage for a normal 40-hour work week, namely, $515.00 per month through March 29, 1969, and effective March 30, 1969, $530.00 per month, less all monies received by appellant *571 through employment and compensation for other work performed during his period of suspension and dismissal to date, is affirmed; costs of this appeal are to be borne by appellant.
Affirmed.
REDMANN, Judge (dissenting).
"No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority. * * *" LSA-Const. art. 14, § 15(N)(1).
A dismissal which does not follow the quoted constitutional requirement is no dismissal, and requires no reinstatement, and thus a Civil Service Commission has no discretion arising from Const. art. 14 § 15(0)(3) to affect an illegally dismissed employee's entitlement to salary or other concomitants of employment; Hermann v. New Orleans Police Dept., 238 La. 81, 113 So.2d 612 (1959). This is "settled jurisprudence"; Hearty v. Department of Police, City of N.O., 238 La. 956, 117 So.2d 71 (1960).
In Higgins v. Louisiana State Penitentiary, 245 La. 1009, 162 So.2d 343 (1964), and Boucher v. Doyal, 210 So.2d 75 (La. App.1968), cert. denied 252 La. 833, 214 So.2d 160 (1968), the Civil Service Commission had upheld the discharge of the employee and it was the appellate courts which found the discharge illegal and applied R.S. 49:113 to reduce back pay by private earnings.
The statute only applies where the discharge was illegal, "as found by the appellate courts". It appears to me that the statute does not affect the "settled jurisprudence" denying the Commission authority to reduce back pay by earnings (except in the case of a legal discharge, found by the Commission to be an excessive penalty).
Where the Commission holds the discharge illegal, the matter is rather quickly resolved, and the amount of back pay for a brief period does not injure the public fisc as much as that for the longer period required for judicial review through the Court of Appeal or even it and the Supreme Court. Where proceedings before the Commission are delayed by the employee's requests for continuances, the Commission may by rule deny all back pay for the period of the continuance; Boucher, supra. Thus it would not be unreasonable for the legislature to provide undiminished back pay up until the Commission ruling, while denying it (and not only for the period thereafter?) if the employee must go the further route to the appellate courts for relief.
Such a legislative intent may be thought unworthy because capricious; a wronged employee who has earnings from private employment prior to commission ruling gets full back pay if the wins at that level, but does not get full back pay (not even for that same period!) if he loses there yet wins in the appellate court. Thus an erroneous commission ruling against him will cost him the amount by which his back pay (up to the time of the ruling) must be reduced by the appellate court on final declaration of the illegality of the discharge.
Yet it may be doubted whether such an intent is more capricious than the fundamental operation of the statute, which penalizes those whose necessity requires them to earn their sustenance while seeking vindication, and rewards the more fortunate whose superior financial position enables them to sit idle, and gamble that they will collect full pay undiminished by either necessity or industriousness. If Const. art. 14 § 15(N)(1) prohibits discrimination against employees, it and the due process clause of art. 1, § 2, doubly prohibit discrimination against the employee because he is poor or because he likes to work.
In my opinion R.S. 49:113 should not be interpreted to require or allow the Commission to reduce back pay by earnings, *572 since the Commission cannot, prior to any appellate court finding, determine the discharge was illegal "as found by the appellate courts". It appears possible that the legislative draftsman, perhaps due to a cursory reading of Dickson v. Richardson, 236 La. 668, 109 So.2d 51 (1959), quoted by the majority, may have thought that only the appellate courts were prevented from adjusting back pay of an illegally dismissed employee and that Const, art. 14 § 15(0)(3) allowed the Commission to do so. As the Hermann and Hearty cases prove, this is not the case. But this appears to have been the supposed problem sought to be corrected by La. Acts 1960, No. 191, enacting R.S. 49:113. In any case, and for whatever reason, that statute appears to permit only the appellate courts to reduce back pay, and only on their own finding of illegal discharge.
In my opinion the illegally-discharged employee's right to back pay remains unalterable by the Civil Service Commission, under the Hermann and Hearty cases, because R.S. 49:113 does not purport to require or allow the Commission to alter that right. Accordingly the Commission's ruling is beyond its authority in granting any less than full back pay (regardless of other employment).
The majority's "finding" that appellant was illegally discharged is beyond our authority on this appeal: the employer did not appeal and that question was therefore already finally determined by the Commission. The majority's sole purpose in this "finding" is to create the appearance of tracking the language of R.S. 49:113: "as found by the appellant courts". Even if we could so find, we could not enter a decree allowing, for the first time in theoretical compliance with R.S. 49:113, the employer to deduct earnings because the employer did not appeal or answer the appeal. We cannot say the Commission erred in reducing back pay (as appellant employee appeals to us to do) and then turn around and say "we find" appellant was wronged by an illegal discharge (which nobody asks us to do) and therefore we will ourselves deny him full back pay.
It is only where we are required to make a finding of illegality that the statute requires us to penalize the employee, either (1) for the Commission's error in not finding the discharge illegal, or (2) for the employer's having appealed a Commission ruling finding the discharge illegal. Since neither is the situation here, I need not discuss whether the Higgins and Boucher decisions of the Supreme Court, which did not expressly consider whether R.S. 49:113 by capricious discrimination violates Const, art. 14 § 15(N) (1) and art. 1 § 2, nevertheless preclude inquiry into constitutionality considering those grounds.
REDMANN, J., is of the opinion the rehearing should be granted.