AYRES, Judge.
Plaintiffs seek to recover of the defendant, first, on a contract or, second, and in the alternative, on a quantum meruit basis, the sum of $4,217.44 representing the cost of certain sewer lines constructed and paid for by plaintiffs which, upon their completion, were taken over by the defendant and incorporated into the system owned and operated by the defendant municipality. Recovery by plaintiffs was contested on a basis there was no valid agreement between' plaintiffs and defendant for the taking over or sale of the sewer lines by plaintiffs to defendant, and, in the alternative, should it be found that a contract existed, then that the alleged agreement was null and void because of its noncompliance with certain statutory requirements relating to the advertisement of the work to be done and the failure to obtain the approval of the State Bond and Tax Board, and, finally, there was no showing of the value of the assets received by defendant upon which an award could be made to plaintiffs on a basis of quantum meruit.
The trial court concluded there was no valid contract between plaintiffs and defendant, but held plaintiffs were entitled to recover on a basis of quantum meruit. Therefore, there was judgment in favor of plaintiffs as prayed for and, from that judgment, defendant appealed.
Defendant-appellant has made no assignment of errors, but contends, in brief, there was no showing of the value of the sewer lines constructed by plaintiffs and incorporated by defendant into the latter’s municipal sewer system.
These facts were either admitted or established on the trial of the case:
During the year 1956 Roy M. Mitchell Contracting Company, Inc., installed for plaintiffs, leading to and servicing Pugh Acres Subdivision, a subdivision of the Town of Logansport, developed by plaintiffs, 1,027 lineal feet of 6-inch clay sewer pipe along the Logansport-Mansfield Road with three manholes at a cost of $2,138.30 and, in the subdivision, 450 lineal feet of 8-inch clay sewer pipe and 18 feet of cast-iron sewer pipe at a cost of $1,960.20, as well as an additional installation of 76 feet of 6-inch clay sewer pipe at a cost of *228 $118.94. These lines were connected to and incorporated in the sewer system of defendant. The total cost of $4,217.44 was paid by plaintiffs.
The defendant took over the use and maintenance of the sewer lines immediately after completion. The lines were later extended to service customers beyond the subdivision. The lines are in place and have been in constant use by defendant from their acceptance and connection with its system. Murray S. Pugh, one of the plaintiffs, testified that before contracting to construct the sewer lines, he had an agreement with the Town Council of the Town of Logansport to the effect that he and his sister, Mrs. Ida B. Fuller, would install the sewer lines, pay for them, and the defendant would reimburse them with the cost when funds were available. There is, however, no resolution of defendant’s Board of Aldermen to that effect; none is contained in the record. Pugh’s testimony is supported and corroborated to some extent by a resolution of the Mayor and Board of Aldermen dated October 14, 1957. It was there recited:
“On motion by Mr. Vidler, seconded by Mr. Thomas, so voted, that the Town accept the use for Town purposes and maintenance of the Sewer Line in Pugh Acres with the understanding that when a deal can be worked out and when the money is available the Town will purchase said line.”
This resolution was explained by Vidler as meaning the Council was agreeing to pay for the line; that the town accepted the line, would maintain it, and would pay for it when funds were available. W. T. Price, another member of the Board of Aldermen, testified it was the intention to reimburse Mr. Pugh the price of the sewer construction.
It is not denied that throughout the construction of the sewer lines the Mayor and the members of the Board of Aider-men of the defendant municipality witnessed the performance of this work. They knew the sewer lines would be connected to and incorporated in the municipality’s sewer system and placed in operation by the municipality. There is no evidence of objection or protest. Defendant received and accepted the sewer lines, has used and is continuing to use the lines as well as the benefits derived therefrom.
The trial court found, and we are in ácc’órd with his conclusion, that neither plaintiffs nor defendant complied with the law — that the transactions were illegal to the extent they were forbidden by law. There was, however, no evidence of fraud on the part of either party. The record establishes that both parties acted in the utmost good faith. The transaction was not malum in se but merely malum prohibitum. The defendant did not have the funds to pay for the needed expansion at that time. Plaintiffs agreed to cooperate in securing the needed expansion of defendant’s sewer system by paying for this construction, with the understanding they would be reimbursed when funds were available. Thus it would appear it would be most unjust for the Town of Logansport to have the use and benefit of the sewer lines for a period of 12 to 13 years and escape all liability therefor.
Under similar circumstances the Supreme Court, in the case of Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627, 632 (1943), made this appropriate observation:
“Under these circumstances it would clearly be unjust to permit the Commission to reap the mentioned benefits and escape liability for them altogether. There is imbedded deeply in our civil law the maxim that no one ought to enrich himself at the expense of another. Revised Civil Code, Article 1965. On the other hand, considering the law’s expressed prohibition for making the sales in the manner shown it would also be improper for the vendor to profit by the transactions.
*229 “Equity would favor, we think, the placing of the parties in the positions that they occupied prior to the carrying out of their engagements, or in other words in status quo; but, of course, this is impossible because of the materials having been used. The only alternative is to compel payment by the vendee, or its successor, of an amount that represents the materials’ actual cost to the vendor, without allowing any profits on or expenses connected with the sales.” (Emphasis supplied.)
Under circumstances where a plaintiff sought to recover for labor performed and materials furnished in connection with the rebuilding of a public utility, the court held that while the contract was void because of a failure to comply with the terms of positive law, nevertheless, inasmuch as no fraud was practiced, plaintiff was permitted to recover on a basis of quantum meruit. Smith v. Town of Vinton, 216 La. 9, 43 So.2d 18, 22 (1949). In connection with the amount of recovery, the Supreme Court stated:
“In arriving at his decision in the instant cause the district judge evidently applied the doctrine of the Boxwell case, because he denied recovery to plaintiff for items of overhead expense, traveling expense, profits, and the above referred to engineering fee, while he awarded judgment for those amounts actually expended which inured to the benefit of the defendant, they being for labor, material, insurance, and equipment rental. With such application and ruling we agree.” (Emphasis supplied.)
For the foregoing reasons, we find no error in the judgment allowing plaintiffs recovery for the expenditures made under the principle of quantum meruit and without interest on the award or profit to plaintiffs. State ex rel. Anderson v. Walker, 233 La. 687, 98 So.2d 153 (1957); Boucher v. Doyal, 210 So.2d 75 (La.App., 1st Cir. 1968); Boxwell v. Department of Highways, supra.
The judgment appealed is therefore affirmed at defendant-appellant’s costs.
Affirmed.