457 So.2d 50 (1984)
Sophia WASHINGTON
v.
Herbert SUMRALL, Administrator of the Louisiana Department of Employment Security, and Evans Cooperage, Inc.
No. CA 1714.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1984.
Rehearing Denied October 29, 1984.
*51 Clarence Guillory, Certified Student Practitioner and David Girard, New Orleans, for appellant.
Stephen D. Ridley, New Orleans, for appellee.
James A. McGraw, Eddie G. Crawford, Denise A. Nagel, Baton Rouge, for defendant-appellee.
Before BYRNES, CIACCIO and SAMUEL, JJ.
CIACCIO, Judge.
Plaintiff-appellant, Sophia Washington, filed suit for judicial review of an administrative determination that she is not entitled to unemployment compensation. La. R.S. 23:1634. The Louisiana Department of Employment Security denied unemployment compensation on the ground that Ms. Washington had been discharged for misconduct connected with her employment. La.R.S. 23:1601(2). The appeals referee upheld the disqualification. The Board of Review and the trial court affirmed. For the reasons that follow we also affirm.
Appellee, Evans Cooperage, Inc., employed Ms. Washington as a production worker on September 15, 1979, for a three month probationary period. Ms. Washington completed and signed a pre-employment questionnaire on which she expressed her affirmative understanding that she would be required to work overtime, late and on weekends, under conditions "hot in summer, cold in winter, and dirty all the time", "willing and able to stock and unstock 55 gallon drums, three high", and that she would accept assignment anywhere, anytime regardless of the particular position for which she was hired. Before she was hired, Ms. Washington demonstrated her ability to perform the most strenuous task of a production worker, i.e., stacking 50 to 65 pound drums three high.
On December 12, 1979, near the end of the probationary period, Evans Cooperage, Inc. discharged Ms. Washington for "refusal to do assigned workput forth no effort." The appeals referee made the following findings of fact concerning Ms. Washington's discharge.
During this probationary period, suggestions on improvements were made to *52 the claimant, however, she would not follow through and continued her job performance in a manner that was considered by the employer to be unsatisfactory. When assigned to perform certain tasks, the claimant would allow other employees to perform these tasks, although instructed not to do so. The claimant's job assignments were both heavy and dirty; however, the conditions of the job were explained to the claimant before hire and she signed a form asknowledging same. The claimant received two written warnings, date November 29, 1979, and December 5, 1979, concerning her job performance. The claimant had also received several verbal warnings. Due to the claimant's uncooperativeness, she was discharged by the employer.
After reviewing the records in the case the Board of Review denied the appeal and ordered that the decision of the appeals referee be affirmed.
The provisions of La.R.S. 23:1634 confine our judicial review to questions of law. The findings of the Board, as to the facts, if supported by sufficient evidence and in the absence of fraud, are conclusive. Cox v. Lockwood, 373 So.2d 246 (La.App. 4th Cir.1979); Benward v. Gerace, 370 So.2d 660 (La.App. 4th Cir.1979). Our review does not entail the weighing of evidence, drawing of inferences, re-evaluation of evidence or substituting the views of this court for those of the Board of Review as to the correctness of the facts. Dubois v. Louisiana Department of Labor, Office of Employment Security, 427 So.2d 645 (La.App. 5th Cir.1983).
At the hearing held before the appeals referee Ms. Washington represented herself and testified. Evans Cooperage, Inc. was represented by its personnel director and two other witnesses who were foremen/supervisors over Ms. Washington during her employment. We have carefully read and reviewed all of the testimony and all of the documents contained in the record of the proceedings.
Ms. Washington argues that her discharge resulted from her physical inability to stack the drums despite her best efforts. She further complains that she was required to perform this strenuous task more often than any other worker because she was the only woman. Ms. Washington testified that she put forth her best effort, and it is true that at the time she was the only female production worker at this plant.
The other witnesses testified that before she was hired Ms. Washington demonstrated her physical ability to stack the drums by doing so for approximately fifteen minutes. Stacking drums was only one of the jobs required of production workers. The witnesses testified that while Ms. Washington never refused to attempt any assigned tasks, she consistently disregarded instructive warnings that she must put forth more effort toward learning to stack the drums quickly and unerringly, and that she must not permit other workers to stack drums for her because it was necessary that she learn this task. Ms. Washington's assignment to stacking drums was not a result of her being a woman, but was an integral part of her job and the training therefor. It was necessary that she learn how to perform well all of the various tasks which a production worker might be asked to do, including stacking drums.
After hearing the testimony the appeals referee expressed his opinion that this was not a situation where Ms. Washington had put forth effort to satisfy her employer's requirements, but through lack of ability or some other hindrance was unable to perform satisfactorily. He found that she met the job requirements of the position, but that she did not take her employer's suggestions and did not perform the duties required. He concluded that such intentional disregard of her duties and the best interests of her employer amounted to disqualifying misconduct within the meaning of that term in La.R.S. 23:1601(2).
We find that the record contains legally sufficient competent evidence to support the factual conclusions of misconduct and *53 that those conclusions are sufficient to disqualify Ms. Washington from receiving benefits in this case. Accordingly the judgment appealed from is affirmed. All costs are to be borne by appellant.
AFFIRMED.

ON REHEARING
PER CURIAM.
Our original opinion stated that "[a]ll costs are to be borne by appellant." By application for rehearing, appellant has brought to our attention that La.R.S. 23:1692 prohibits assessment of fees or costs of any kind against a claimant in this type of proceeding unless the court determines that the proceedings for judicial review have been instituted or continued frivolously. We do not find that appellant's institution or continuation of the proceedings for judicial review were frivolous, and therefore, she will not be assessed any costs. That portion of our original opinion assessing appellant for all costs is vacated.