470 So.2d 490 (1985)
Ralsa BOOZER
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Leesville State School.
No. 84 CA 0440.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*491 Tony C. Tillman, Tillman & Fontenot, Leesville, for appellant.
Steven R. Giglio, Staff Atty., Dept. of Health & Human Resources, Office of General Counsel, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This is an appeal from a decision of the State Civil Service Commission dated January 27, 1984, affirming the Referee's decision which reinstated back pay for Ralsa Boozer (Appellant). The issue before us is whether or not the Civil Service Commission erred in allowing an offset of unemployment compensation received by Boozer during period of separation, in favor of the Department of Health and Human Resources (DHHR) Leesville State School (Appellee). We affirm.
The Referee's decision, rendered on June 17, 1983, in Docket No. 3454 and 3515 (consolidated) reinstated Boozer to his former position at Leesville State School as a Resident Training Specialist I with "an offset in favor of Appellee for all wages earned." Neither party appealed and the Referee's decision became the final decision of the Commission by operation of Article X, Section 12(A) of the 1974 State Constitution as amended in 1982.
On August 19, 1983, appellant filed this appeal with the Civil Service Commission on the grounds that the DHHR had failed to comply with the June 17, 1983 order, which granted appellant back pay from August 5, 1982 until he returned to duty, subject to an "offset for all wages earned." The Commission accepted the appeal, and on December 6, 1983, as Docket No. 4003, a hearing was held. On January 27, 1984, the Commission in its decision, ordered an offset in favor of appellee for all wages earned during the period of separation including an offset for all unemployment compensation received during that same period. Additionally, the decision of January 27, 1984 is silent as to appellant's request for attorney's fees pursuant to Civil Service Rule 13:35(a).
Appellant sets forth two assignments of error:
1) The Civil Service Commission erred in allowing an offset for all unemployment compensation received by Ralsa Boozer during the period of separation.
2) The Civil Service Commission erred in failing to allow additional attorney's fees to appellant for the appeal under Docket No. 4003.
As to appellant's first specification of error, it is well settled law that the Civil Service Commission has the discretionary power to reinstate wrongfully dismissed employees to former positions subject to such conditions it deems proper. Dickson v. Richardson, 236 La. 668, 109 So.2d 51 (La.1959); Boucher v. Doyal, 210 So.2d 75 (La.App. 1st Cir.1968), writ denied, 214 So.2d 160 (La.1968).
In Boucher, supra, after being reinstated by this court, Boucher initiated a second suit in order to determine whether the decision of the State Civil Service Commission to allow an offset for retirement benefits received during the period of separation was in accordance with the law. We held that "(n)othing in our law sanctions the simultaneous payment to a discharged employee of his entire wages and full retirement benefits. Such a ruling would result in an obvious inequity which the courts cannot countenance; its effects upon the public treasury would be patently devastating." Boucher, supra, at p. 84.
In the instant case, we agree with the Commission's findings that it would be unfair to permit the appellant to receive both unemployment compensation and back wages. They find and we agree that there is a very close analogy between retirement *492 benefits, which are determined by the level of remuneration received over a certain period of time, and the receipt of unemployment compensation which is determined in a very similar manner as above. Both are "earned" through a specific and analogous formula. See LSA-R.S. 42:571, et seq.; LSA-R.S. 23:1531, et seq.
A Civil Service Commission's factual findings will not be distrubed on appeal unless they are manifestly erroneous or clearly wrong. Walters v. Department of Police of New Orleans, 454 So.2d 106 (La. 1984); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). This assignment is without merit.
Appellant's second contention is that Civil Service Rule 13.35(a) authorizes attorney's fees and that the Commission erred by not answering appellant's request. Rule 13.35(a) authorizes attorney's fees in this instance "(w)hen the Commission ... reverses or modifies the action taken by an appellee in a Civil Service appeal ...". The Commission did not reverse or modify in this instance, therefore we must deny attorney's fees.
Accordingly, for the foregoing reasons, the judgment of the Civil Service Commission is affirmed. All costs of this appeal are to be paid by appellant.
AFFIRMED.