489 So.2d 1024 (1986)
Geraldine WESTROPE
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Belle Chasse State School.
No. CA 85 0284.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
*1025 Mary E. Howell, Howell & Bayer, New Orleans, for appellant.
Thomas H. Matuschka, Staff Atty., Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Baton Rouge, for Herbert L. Sumrall.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a decision of the Civil Service Commission reversing the decision of a referee which affirmed the suspension of appellant, Geraldine Westrope, from her employment at the Belle Chasse State School. The Commission ordered that appellant be reinstated with back wages minus an offset for unemployment compensation received.
By letter dated June 7, 1983, appellant was notified that she was suspended from her employment, effective May 26, 1983, through August 23, 1983. The suspension was based upon the allegation that appellant failed to use the proper intervention technique on a resident of the Belle Chasse School who attacked a woman.
Appellant appealed to the Civil Service Commission. A hearing was held before a referee who rendered a decision denying appellant's appeal and affirming the suspension. She then filed an application for review by the Civil Service Commission which was granted. The Commission held that the actions of appellant were not unreasonable and ordered her reinstated. The Commission ordered the appointing authority to pay all salary lost during the ninety-day suspension minus an offset for any wages earned or unemployment compensation received during the suspension. The Commission further ordered that the appointing authority remove the suspension letter and all references thereto from appellant's file.
Appellant contends that the Commission erred in allowing an offset for all unemployment compensation she received. The present case is nearly on "all fours" with a recent case decided by this court. In Boozer v. Department of Health and Human Resources, 470 So.2d 490 (La.App. 1st Cir. 1985), writ denied, 475 So.2d 356 (La.1985), we were presented with the issue of whether the Civil Service Commission erred in allowing an offset of unemployment compensation received by the appellant during a period of separation from the Leesville State School. This court held that such an offset was allowable. We stated:
In Boucher, supra, [210 So.2d 75 (La. App.1968)] after being reinstated by this court, Boucher initiated a second suit in order to determine whether the decision of the State Civil Service Commission to allow an offset for retirement benefits received during the period of separation was in accordance with the law. We held that "(n)othing in our law sanctions the simultaneous payment to a discharged employee of his entire wages and full retirement benefits. Such a ruling would result in an obvious inequity which the courts cannot countenance; its effects upon the public treasury would be patently devastating." Boucher, supra, at p. 84.
We were of the opinion that it would be unfair to permit a person to receive both unemployment compensation and back wages, and that there was a very close *1026 analogy between retirement benefits and receipt of unemployment compensation.
It is well settled that the Civil Service Commission has the discretionary power to reinstate wrongfully dismissed employees to former positions subject to conditions it deems proper. Boozer, 470 So.2d at 491, Dickson v. Richardson, 236 La. 668, 109 So.2d 51 (1959). After a close examination of the record and after considering appellant's well written brief and oral argument, we cannot say that the Commission erred in allowing an offset of unemployment compensation from appellant's back wages. Boozer, 470 So.2d at 491. We remain of the opinion that it would be unfair to allow appellant to receive back wages and unemployment benefits for the period that her wages were reinstated.
Therefore, for the foregoing reasons, we affirm the decision of the Civil Service Commission. Costs of this appeal are to be borne by appellant, Geraldine Westrope.
AFFIRMED.