WILLIAMS, Judge.
This is an appeal by plaintiff Calvin Lee from a decision by the trial court affirming a ruling of the Board of Review for the Office of Employment Security [“Board”] that denied him unemployment benefits.
Lee had been collecting unemployment benefits when he began work at the Plimsoll Club as a “prep” cook. He had no experience in this area. After nine days, he quit, claiming that the work was “unsuitable.” The Office of Employment Security then determined that plaintiff should not receive further benefits. After some procedural delays, a hearing was held and the appeals referee determined that plaintiff had left his employment with the Plimsoll Club without good cause and affirmed the denial of benefits. This decision was subsequently affirmed by the Board of Review and the district court. Plaintiff appeals, alleging that trial court erred in its affirmation of the administrative decision because: (1) the proper standard for determining his entitlement to benefits is whether the job at the Plimsoll Club was suitable, not whether he left without good cause; and (2) there was insufficient evidence presented to support a finding that the job was “suitable.” Because we find that the finding of suitability was reasonable, we affirm the decision below.
Plaintiff relies upon the following facts to support his assertion that the job at the Plimsoll Club was unsuitable: (1) he had no experience as a cook; (2) the hours each week that he was scheduled to work were not as promised; (3) he received little training and was falling behind at work; and (4) the work was dangerous. He claimed that on his last day at work he was chopping vegetables and cut his finger. Because there was not a band-aid on the premises *639 he was forced to wrap a towel around his hand until that evening.
Not withstanding plaintiffs objections, there is no evidence in the record to support his contention that he was unsuitable for this particular job. Therefore, the denial of plaintiffs benefits was proper.
Our review is limited to questions of law La.R.S. 23:1634. The Board’s factual finding are conclusive in the absence of fraud and if they are supported by sufficient evidence. Washinton v. Sumrall, 457 So.2d 50, 52 (La.App. 4th Cir.1984).
At the Board hearing, plaintiff presented his version of what had prompted him to quit his job as a prep cook. He did not mention, however, that his hours as a prep cook were different from his previous job. We realize that plaintiff, like the other participants, was unrepresented at the hearing. Nevertheless, his narrative clearly supports a finding that the job was suitable for him, and his failure to accept the employment disqualifies him from receiving further benefits. La.R.S. 23:1601(8). Vancouver Plywood Co. v. Sumrall, 415 So.2d 625, 629 (La.App. 3d Cir.1982).
For the foregoing reasons the decision of the trial court upholding the Board’s denial of benefits is affirmed.
AFFIRMED.
CIACCIO, J., dissents with reasons.