521 So.2d 641 (1988)
Larry L. JOHNSON
v.
George WHITFIELD, Administrator Louisiana Department of Employment Security, et al.
No. CA 87 0416.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
*642 Fernin F. Eaton, Baton Rouge, for plaintiff-appellant Larry Johnson.
Bernard J. Sharkey, Jr., Baton Rouge, for defendant-appellee Southern University.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
*643 ALFORD, Judge.
Appellant, a former Custodial Worker III at Southern University in Baton Rouge, Louisiana, appeals the decision of appellee, the Board of Review, State of Louisiana Office of Employment Security. The Board affirmed the decision of the appeals referee who found that Larry L. Johnson (claimant) had been discharged for misconduct connected with his employment pursuant to La.R.S. 23:1601(2). Thus, unemployment compensation benefits were not awarded to the claimant. The trial court affirmed the decision of the Board. We also affirm.

FACTS
The claimant worked for Southern University from July 16, 1979, through December 20, 1985. He worked forty hours per week. Periodically throughout his employment, written warnings were issued to the claimant regarding tardiness, taking time off without prior knowledge or approval of the department head, misuse of keys assigned to him to carry out duties and responsibilities, taking unauthorized breaks, leaving the University work areas without the knowledge or approval of the department head, and failure to perform the work as assigned. Although these warnings were documented in his personnel file, the claimant took no action to dispute them.
On approximately November 15, 1985, the claimant submitted a request for leave to his supervisor, Robert Hayes. The period requested was from Friday, November 22, 1985, through Wednesday, November 27, 1985. November 28 and November 29, 1985, were holidays, and work was not scheduled. On November 19, 1985, Mr. Hayes advised the claimant that Friday, November 22, 1985, was not approved because of the work load. However, he did approve Monday, November 25, 1985, through Wednesday, November 27, 1985, which in conjunction with the holidays, would allow the claimant a full week off from work. That same day, the claimant went to Mr. Hayes' supervisor, Benjamin Harbor, and was advised that Mr. Hayes' decision would not be overruled. At that time, the claimant accepted the time approved and decided to forget about the one day which had been denied.
On November 20, 1985, Mr. Harbor and Freddie Veal, Supervisor II and assistant to Mr. Harbor, saw the claimant enter the physical plant and then later exit and leave the area. Mr. Harbor contacted Mr. Hayes by walkie-talkie to determine if he was aware of the claimant's whereabouts. Mr. Hayes responded in the negative, and indicated that he had been looking for the claimant. Mr. Harbor advised Mr. Hayes that the claimant had just left the physical plant heading in a direction away from his assigned work areas. The claimant was monitoring the communication and became upset. He proceeded to the location of Mr. Harbor, and drove his car in front of Mr. Harbor's vehicle, thereby blocking Mr. Harbor's path and traffic. The claimant got out of his car and aggressively tried to open Mr. Harbor's door while using profanity and abusive language in an attempt to get him out of his vehicle. Mr. Veal witnessed the entire episode, and maintains that Mr. Harbor repeatedly told the claimant to remove his car from the path, and to return to his work site. Campus police were called and had to threaten to arrest the claimant before he would remove his car. At that time, Mr. Hayes had appeared on the scene, and also heard the abusive language used by the claimant towards Mr. Harbor. During this exchange, the claimant brought up the denial of the day of annual leave. Based on the behavior exhibited by the claimant in this incident, Mr. Harbor then advised him that the request for November 25 through November 27 was also now disapproved.
The following morning, November 21, 1985, the claimant filed a grievance stating "Denial of immediate Supervisor to grant request time off." His relief sought was stated as follows: "I request that I be granted the requested time off starting Friday, November 22November 27, 1985. (Thirty-two hours) 32." That same morning, Mr. Harbor recommended the claimant's termination from employment. Although Mr. Harbor had denied the claimant's *644 request for vacation time, the claimant "unilaterally took the time off because there was not sufficient time for [his] grievance to be heard before [he] left." The discharge occurred as a result of an accumulation of violations leading up to and including the incident on November 20, 1985, and claimant's subsequent failure to report for work as scheduled.
The matter was heard before an appeals referee who determined that the claimant had been discharged for misconduct. The Board of Review affirmed that decision. The claimant filed an appeal with the district court seeking review of the Board's decision. After reviewing the record of the administrative hearing, the trial court rendered judgment affirming the Board's decision. The claimant appeals from that judgment.

ASSIGNMENTS OF ERROR
On appeal, the claimant argues that the above facts do not warrant a finding of misconduct. The claimant maintains that the "single hot-head incident" exception should apply in this case, which would mean a finding of no misconduct. The claimant also briefed several assignments of error dealing with violations of civil service rules regarding termination procedures.
I. Civil Service Rules
At the outset, we note that the claimant's complaints about unfair procedure amounting to violations of civil service rules are not properly before this court on the appeal of his disqualification from unemployment benefits. Rather, these complaints were properly before the Civil Service Commission which recently reinstated the claimant to his job and ordered full back pay for the entire period from termination of his employment to reinstatement. Additionally, we find that the Civil Service Commission ruling is irrelevant to the case before us since we ultimately agree with the trial court that the claimant was discharged for misconduct connected with his employment.[1] Therefore, those assignments of error dealing with civil service rule violations are without merit.
II. Unemployment Compensation Benefits
The scope of appellate review of cases arising under the Louisiana Employment Security Law is set forth in La.R.S. 23:1634. The statute provides for judicial review of such cases as follows:
"... In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." (emphasis supplied)
In short, our jurisdiction is limited to questions of law; we simply do not have the jurisdiction or authority to disturb the findings of fact of the Board of Review where questions of weight and credibility are involved and where their conclusions are supported by sufficient evidence. Southeastern Louisiana University v. Shelton, 431 So.2d 432, 435 (La.App. 1st Cir.1983). Thus, we must determine whether the facts are supported by competent evidence and whether the facts, as a matter of law, justify the action taken. Jefferson Parish Health Unit v. State of Louisiana Office of Employment Security, 458 So.2d 144, 146 (La.App. 1st Cir.1984).
After reviewing both the transcript of the hearing and the exhibits which were introduced, we find that the evidence supports the findings of fact of the appeals referee.
Therefore, the only issue before us is a legal onewhether the relevant facts support the referee's finding that the claimant's actions constituted misconduct so as *645 to preclude him from receiving unemployment benefits. La.R.S. 23:1601 provides that
"An individual shall be disqualified for benefits ...
"(2) If the administrator finds that he has been discharged ... for misconduct connected with his employment ..." (emphasis supplied)
"Misconduct" has been consistently interpreted to mean an "act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior that the employer has a right to expect from his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." Atkins v. Doyal, 274 So.2d 438, 440 (La.App. 1st Cir.1973).
The claimant argues that the single instance of abusive language and refusal to obey an order on November 20, 1985, is insufficient to prove misconduct connected with his employment. Johnson v. Brown, 134 So.2d 388 (La.App. 3rd Cir. 1961). We believe the better rule to be that even a single violation can sustain a denial of benefits. One must look to the nature of the violation with due consideration of the factors which enter into the proper conduct of the employer's work and business. Dorsey v. Administrator, Louisiana Department of Employment Security, 353 So.2d 363, 366 (La.App. 1st Cir. 1977); Chapman v. Office of Employment Security, 413 So.2d 581 (La.App. 1st Cir. 1982). We find that the violations here, which included refusing to obey orders regarding his duties; stopping work before the specified time; loitering, loafing and being out of assigned work areas without approval; using obscene and abusive language to a supervisor; failure to report for work as scheduled for days requested off but denied; and blocking traffic with his vehicle, were sufficiently serious. In any event, claimant's actions, which extended over a long time period, were more than "a single hotheaded incident."
We conclude, in light of the aforestated principles, that the decision of the appeals referee, affirmed by the Board of Review and trial court, denying the claimant unemployment benefits is correct. For the reasons assigned, the judgment appealed from is affirmed. Since neither Southern University, the Office of Employment Security, nor the claimant can be held legally responsible for costs, the clerk of this court and the sheriff and clerk of the trial court must absorb the costs of this appeal.[2]
AFFIRMED.
NOTES
[1] If, on the other hand, our finding in this case had been no misconduct on the part of the claimant, the Civil Service Commission's award of backpay to the claimant would have been relevant because it would be unfair to permit the appellant to receive both unemployment compensation and back wages. See: Boozer v. Dept. of Health & Human Resources, 470 So.2d 490 (La.App. 1st Cir.1985), writ denied, 475 So. 2d 356 (La.1985); Westrope v. Dept. of Health & Human Resources, 489 So.2d 1024 (La.App. 1st Cir.1986).
[2] See Washington v. Sumrall, 457 So.2d 50 (La. App. 4th Cir.1984); Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983); La R.S. 13:5112(C); La.R.S. 23:1548 and La.R.S. 23:1692.