526 So.2d 393 (1988)
Thomas A. DIPOL
v.
ADMINISTRATOR, OFFICE OF EMPLOYMENT SECURITY OF the LOUISIANA DEPARTMENT OF LABOR and Puerto Rico Marine Management, Inc.
No. CA 7857.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
Robert E. Tarcza, Feingerts & Kelly, Plc., New Orleans, for plaintiff.
*394 James A. McGraw, B.J. Francis, Denise A. Nagel, Vivian Broussard Guillory, Frank T. Scott, Jr., Olivette Mencer, and Sandra A. Broussard, Office of Employment Sec., Baton Rouge, for defendant.
Before GARRISON, KLEES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiff appeals a judgment of the district court affirming an administrative decision denying him unemployment benefits.
Plaintiff was employed by Puerto Rico Marine Management, Inc. for approximately eight years. After having been suspended from work due to absenteeism, plaintiff requested an opportunity to review his personnel file. On February 24, 1986 Plaintiff was allowed to review the file in the presence of his supervisor and the union shop steward. He was given a desk in the supervisor's office and told that he would have twenty minutes to review the file but that he could not take notes or record the contents. He was also told that his supervisor would answer any questions after the file had been reviewed. Plaintiff refused to sit down and began to read the documents aloud. The supervisor at first asked him to be quiet, then ordered him to do so three or four times. Plaintiff refused and persisted in reading aloud. The supervisor then instructed plaintiff to return to his work area. Plaintiff again refused a direct order and was immediately fired for insubordination.
Plaintiff applied for unemployment benefits. The Agency determined that he had been discharged due to misconduct and was thus disqualified from receiving unemployment benefits. Plaintiff appealed. Both the Appeals Referee and the Board of Review Affirmed. The District Court, sitting as a court of judicial review, affirmed the Agency's finding on February 3, 1987.
On appeal, plaintiff contends that the evidence presented to the Board of Review did not support the conclusion that his actions constituted "misconduct" sufficient to disqualify him from unemployment benefits. He argues that he had no history of misconduct and that his confrontation with his supervisor was a single "hot-headed" incident. We disagree.
The scope of judicial review of a decision of the Board of Review of the Division of Employment Security is limited by LSA-R.S. 23:1634(B), which provides that findings of the Board as to facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the courts shall be confined to questions of law. Charbonnet v. Gerace, 457 So.2d 676, 679 (La.1984); Cox v. Lockwood, 373 So.2d 246 (La.App. 4th Cir.1979); Washington v. Sumrall, 457 So.2d 50 (La. App. 4th Cir.1984). Our review does not entail the weighing of evidence, drawing of inferences, re-evaluation of evidence or substituting the views of this court for those of the Board of Review as to the correctness of the facts. Washington, supra at 52. However, there must be legal and competent evidence to support the factual findings on which the administrative determination turns. Banks v. Administrator of the Department of Employment Security of the State of Louisiana, 393 So.2d 696, 699 (La.1981) (citations omitted). Although hearsay evidence is admissible in an administrative hearing, it cannot be considered competent evidence and cannot be used in determining whether findings of the Board of Review are supported by "sufficient evidence" as required by LSA-R.S. 23:1634. Thigpen v. Administrator, Office of Employment Security, 488 So.2d 1213, 1214 (La.App. 4th Cir.1986). Of course, hearsay evidence is admissible for purposes of corroboration. Charbonnet, supra at 679.
Plaintiff's confrontation with his supervisor was witnessed by his own union shop steward. Both his supervisor and his shop steward testified as to the incident. Upon cross-examination they also revealed their personal knowledge (at least with respect to plaintiff's last four years of employment) of other prior incidents in which disciplinary action had been taken against plaintiff. They admitted that much of plaintiff's past conduct, although erratic and at times annoying to them, did not of itself constitute grounds for dismissal. *395 Nevertheless, Plaintiff had been given both verbal and written warnings in the recent past including, but not limited to, absenteeism. Indeed, the supervisor testified that he had received permission from his superiors to fire plaintiff prior to this incident but declined to do so on the recommendation of the shop steward. Plaintiff was suspended instead of being terminated on that prior occasion.
LSA-R.S. 23:1601(2) mandates that an employee shall be disqualified for benefits if the Administrator finds that the employee has been discharged for misconduct connected with his employment. Of course, the word "misconduct" in LSA-R.S. 23:1601(2) is used to connote deliberate or intentional wrong doing. Charbonnet, supra at 678; Banks, supra at 699.
We find that the competent evidence adequately supports the finding of the Board that Plaintiff's conduct and his refusal to obey direct orders constituted insubordination and deliberate misconduct. Melton v. State Office of Employment Security, 473 So.2d 925 (La.App. 3rd Cir.1985); Honea v. Blache, 469 So.2d 464 (La.App. 3rd Cir.1985). Giss v. Sumrall, 409 So.2d 1227 (La.App. 2nd Cir.1981). Nor do we find that plaintiff's conduct merely represented a single "hot-headed" incident, although such an incident may of itself warrant grounds for disqualification. Jenkins v. Blache, 471 So.2d 909 (La.App. 2nd Cir. 1985); Dorsey v. Administrator, Louisiana Department of Employment Security, 353 So.2d 363, 366 (La.App. 1st Cir. 1977) Writ refused, 355 So.2d 549 (La. 1978).
Lastly, plaintiff argues that the Appeals Referee failed to issue a finding of fact with respect to his claim that his firing resulted from his withdrawal from the union and from his filing of complaints against the union and the company. As his claims are unsupported by the record and irrelevant as to the charge of insubordination, we find no grounds to disturb the ruling of the Referee.
Based upon the record herein and the applicable jurisprudence, we affirm the decision of the Agency in denying plaintiff unemployment benefits.