EDWARDS, Judge.
This is an appeal from a judgment of the district court which upheld a finding of the Louisiana Department of Employment Security awarding unemployment benefits.
FACTS AND PERSONAL HISTORY
Cecil Lemoine, Jr. is a severely retarded youth with a stipulated I.Q. of 30. He was originally hired by McDonald’s as a crew person on February 24, 1981. He worked without incident until December 13, 1985. Sometime on December 13, 1985, Mr. Lem-oine was involved in an incident with a female co-employee. While the female employee was exiting the restroom area, Mr. Lemoine’s hand came into contact with her breast. The female employee admonished Mr. Lemoine not to touch her anymore and that this type of conduct was unacceptable. Later that day, Mr. Lemoine was involved in the same type incident with the same female employee. At this point, the female employee reported both incidents to her manager. The manager then discharged Mr. Lemoine for violation of McDonald’s work rules concerning acceptable conduct while employed.
Mr. Lemoine[1] then filed a claim with the Louisiana Office of Employment Security for unemployment compensation benefits. An initial determination was made by the department which awarded the claimant benefits. McDonald’s requested a full hearing which was granted. The Administrative Officer upheld the initial determination made by the department. McDonald’s then appealed to the Appeals Tribunal Office which also affirmed the initial determination. McDonald’s then filed an appeal to the Nineteenth Judicial District Court asking that the court overturn the decision awarding benefits to Mr. Lemoine. The District Court remanded the case to the Appeals Tribunal for preparation of an adequate record. After another hearing for preparation of the record, the trial court reviewed the new record and upheld the decision of the department. McDonald’s then appealed to this court.
LAW
The trial judge, in his reasons for judgment, upheld the decision of the department on the ground that Mr. Lemoine could not be capable of the type of legal misconduct which would disqualify him from the payment of benefits. Specifically, in oral reasons, the judge stated:
I looked in Black’s before coming to court under “wanton misconduct.” It is acting in reckless disregard of the rights of another, coupled with a consciousness that injury is probably (sic) consequence of the act. You can’t put that second part in there to fit the young Lemoine’s actions. The administrator who heard it twice didn’t feel that he was consciously, willfully, wantonly disregarding his employer’s rules. It was intentional, it was misconduct, but because of his condition, there is no way I can say it was willful and wanton. (Emphasis added).
The scope of appellate review of cases arising under the Louisiana Employment Security Law is set forth in LSA-R.S. 23:1634(B) which states in part:
In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence *414 and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.
Thus, the only question for this court to determine is whether, under the facts found, was the correct legal action taken. Jefferson Parish Health Unit v. State of Louisiana Office of Employment Security, 458 So.2d 144, (La.App. 1st Cir.1984).
Because we feel that the trial judge, along with the department improperly applied the legal standard involved for determining disqualification of benefits, we reverse.
LSA-R.S. 23:1601(2) provides that an employee shall be disqualified for unemployment compensation benefits if he has been discharged for misconduct connected with his employment. Recently, in Johnson v. Whitfield, 521 So.2d 641 (La.App. 1st Cir. 1988), this court elaborated on the definition of misconduct. We stated:
“Misconduct” has been consistently interpreted to mean an “act of willful or wanton disregard of the employer’s interest; a deliberate violation of the employer’s rules; a disregard of standards of behavior that the employer has a right to expect from his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer.” (Emphasis added).
Johnson, 521 So.2d at 645, quoting Atkins v. Doyal, 274 So.2d 438, 440 (La.App. 1st Cir.1973).
In this unfortunate case the trial judge believed that because Mr. Lemoine was so severely handicapped, he could not have understood sufficiently the consequences of his action to have met the legal standard of “wanton misconduct.” In applying only this standard we believe he erred. As stated in Johnson, misconduct can be either willful or wanton. While Mr. Lemoine may not have been capable of wanton misconduct, he was capable of willful misconduct. In the record there was repeated testimony that Mr. Lemoine was capable of discerning right from wrong. The fact that he was capable of understanding right from wrong is supported by the evidence that Mr. Lemoine had held his job for a considerable length of time without serious incident.
Additionally, an employer has a right to expect certain standards of behavior from employees. While it is unfortunate that Mr. Lemoine’s handicap may have contributed to the misconduct in which he engaged, his handicap in no way relieves him of the duty he owes to his employer to maintain his behavior at an acceptable level of competence and decency. When Mr. Lemoine touched the breast of his co-employee for the second time,, in front of customers, after having been warned, he fell below the standard an employer has a right to expect. In Johnson, we stated:
We believe the better rule to be that even a single violation can sustain a denial of benefits. One must look to the nature of the violation with due consideration of the factors which enter into the proper conduct of the employer’s work and business.
Johnson, 521 So.2d at 645, citing Dorsey v. Administrator, Louisiana Department of Employment Security, 353 So.2d 363, 366 (La.App. 1st Cir.1977) and Chapman v. Office of Employment Security, 413 So.2d 581 (La.App. 1st Cir.1982).
Here, we believe the two instances of the touching of a breast of a female co-employer is sufficient to meet the standard of misconduct required by LSA-R.S. 23:1601(2) to disqualify a claimant from receiving benefits. To find otherwise could possibly subject employers to legal action from female employees who experience similar incidents from male co-employees.
We feel that the facts as found do not support the legal conclusion of the trial judge or of the Office of Employment Security. Inasmuch as we cannot .impose costs upon the claimant or the Office of Employment Security, all costs are to be *415 paid by the appellant.[2] The judgment of the trial court is hereby reversed.
REVERSED.

. Actually, Mr. Lemoine’s mother filed on his behalf, he being unable to read or write due to his handicap.

. See Washington v. Sumrall, 457 So.2d 50 (La. App. 4th Cir. 1984); Southeastern Louisiana v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983); LSA-R.S. 23:1548 and LSA-R.S. 23:1622.