577 So.2d 338 (1991)
Malcolm O. SETTOON
v.
Juanita BERG, Administratrix of the Office of Employment Security.
No. CA 89 1275.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
John P. Aydell, Jr., Baton Rouge, for plaintiff-appellee Malcolm O. Settoon.
Shelly D. Dick, Ollivette E. Mencer, Baton Rouge, for defendants-appellants Southern Beverage Co. and Office of Employment Sec. of the State of La.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
This case involves judicial review of an administrative decision by the Board of Review *339 for the Office of Employment Security which denied plaintiff, Settoon, unemployment compensation benefits due to its finding that he was disqualified, based on misconduct connected with his employment. Plaintiff appealed the agency's decision to the district court; the decision was overturned based on the trial court's conclusion that the plaintiff's conduct did not constitute misconduct as contemplated by Louisiana Employment Security Law. The defendants, Southern Beverage Company (plaintiff's employer) and the Office of Employment Security, appealed, urging the trial court erred in overturning the Board's decision. Finding that the Board's decision was based on sufficient, competent evidence and was correct as a matter of law, we reverse the judgment of the trial court.

FACTS
In reviewing the facts, we are limited by LSA-R.S. 23:1634(B), which provides in pertinent part: "... the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." We have reviewed the record and find ample evidence to support the findings of fact as stated by the Administrative Law Judge:
The claimant worked for the named employer for six years as a Driver Salesman earning a salary of $50.00 per week plus commission. The hours that he worked varied and he was scheduled to work Monday through Friday. New owners took over the operation of the business on or about April 15, 1987. After the new owners took over operation of the business, all of the driver salesmen were informed to bring in any old beer or out dated beer that were in various locations of customers. They were informed that they would not receive any type of reprimand if the beer was brought in within a specific period of time. All of the salesmen drivers are made aware that there is a date code on the beer that they place at various locations. Most of the beer has 105 day period that it can remain for sale by customers before it is out dated and then can not be sold. The beer is to be rotated by code date on a weekly basis. Driver salesmen are to bring in this beer approximately three or four weeks before it goes out of code date so it can be placed at another location and be sold. If the beer is out of date, it has to be returned to the employer's business and it can not be sold and a procedure has to be followed so the beer will be poured out or destroyed. On August 5, 1987, the claimant received a written reprimand from the employer for allowing eighty-one cases of beer to be out dated. The beer was to go out of date on August 5, 1987 and the claimant returned these cases on August 4, 1987. On September 3, 1987, the claimant returned approximately eight cases of beer which was out of code date. The claimant admitted that he missed rotating the stock at this particular client's location, which resulted in the beer being out dated and had to be destroyed. The claimant received a three day suspension for this violation of company policy. After receiving this warning, the employer gave all employees a copy of a document dated September 11, 1987, of a company policy regarding old beer and showing on the first offense it would be a written warning, second offense a three day suspension, third offense a five day suspension, fourth offense termination. On March 31, 1988, the claimant received another reprimand from the employer for allowing approximately fifty-four cases of Busch Beer to be out dated and had to be destroyed. On April 14, 1988, the employer gave a copy of a change in the employer's company policy regarding overage or out dated product. The new change in the policy resulted in the first offense of being a written reprimand or three day suspension, the second offense a five day suspension, and the third offense could possibly result in termination. At this time, the claimant had three violations. On May 26, 1988, the claimant went to a client's location and found three cases of beer that was out of code date by one day. Under the company *340 policy, the three cases of beer should have been returned to the employer as it was not to be sold and was to be destroyed. The claimant purchased the three cases of beer and gave it to a friend. The claimant was discharged on May 26, 1988, for violation of company policy regarding overage or out dated beer.
The administrator then found that the plaintiff's actions constituted "misconduct connected with his employment" and disqualified him from receiving benefits, pursuant to LSA-R.S. 23:1601(2)(a). In reviewing that decision, the trial court concluded that plaintiff's actions did not constitute "misconduct connected with his employment" as contemplated by LSA-R.S. 23:1601(2) and as interpreted by our courts and rendered judgment entitling the plaintiff to unemployment compensation benefits.

DISQUALIFYING MISCONDUCT
"Misconduct connected with his employment" has been consistently interpreted to mean an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has the right to expect from his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Charbonnet v. Gerace, 457 So.2d 676, 678 (La.1984); McDonald's Sherwood Forest, Inc. v. Administrator, Department of Employment Security, 540 So.2d 412, 414 (La.App. 1st Cir.1989); Johnson v. Whitfield, 521 So.2d 641, 645 (La.App. 1st Cir. 1988).[1] Additionally, our Supreme Court has specified that "misconduct" as contemplated by the statute connotes intentional wrongdoing. Banks v. Administrator of Dept. of Employment Security, 393 So.2d 696 (La.1981).
In the instant case, plaintiff was aware of the company's policy regarding the rotation of beer and the prevention of sales of overage product. On at least three separate occasions, plaintiff failed to comply with the policy; in accordance with such policy, he received two written reprimands and one three-day suspension. Following plaintiff's fourth violation, he was terminated from his employment, pursuant to the policy. Plaintiff's failure to rotate properly and timely the product constitutes a disregard of standards of behavior which his employer had a right to expect from him. Plaintiff's repeated failure to rotate properly and timely the beer after several warnings and reprimands constitutes a deliberate violation of his employer's rules. Plaintiff's actions constitute disqualifying misconduct as contemplated by LSA-R.S. 23:1601(2)(a). Accordingly, we reverse the judgment of the trial court and reinstate the decision of the Board of Review for the Office of Employment Security.[2]
We cannot impose costs upon the claimant, Settoon, or the Office of Employment Security; nor do we impose costs on the prevailing party, defendant, Beverage Company. LSA-R.S. 23:1692; 13:5112(D); 23:1548; LSA-C.C.P. art. 2164. Therefore, costs must be absorbed by the clerk of this court and the clerk and sheriff or the trial court.
REVERSED.
NOTES
[1] LSA-R.S. 23:1601(2)(a) has since been amended by Acts 1990, No. 750, § 1, by expressly defining misconduct to mean "... mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others."
[2] We note that plaintiff was paid unemployment compensation benefits pursuant to the trial court's judgment dated May 30, 1989. Defendants took a devolutive appeal. On July 26, 1990, a Notice of Bankruptcy was filed on behalf of plaintiff, Settoon, and the appeal was stayed in accordance with the automatic stay provisions of the United States Bankruptcy Code. On October 19, 1990, the automatic stay was modified by order of the United States Bankruptcy Court. The order specifically allowed the appeal of this matter to proceed, "but not against the debtor personally in any way."