J¿FOIL, J.
In this appeal, a civil service employee challenges the denial of her request for back pay and interest following her termination from employment. The Civil Service Commission found the employee’s workers’ compensation settlement completely offset the amount of back wages plus interest to which she was entitled during the period of time following her termination and reinstatement. Finding the Commission erred in failing to award the employee any amount on her back wages claim, we reverse.
FACTUAL AND PROCEDURAL BACKGROUND
Deonne Jones was employed by the State of Louisiana, Department of Health and Hospitals, New Orleans Adolescent Hospital (DHH), as a painter. Alleging that she was injured during a slip and fall incident at work on December 8, 1995, Ms. Jones received workers’ compensation benefits following the injury in the amount of $7,377.33 for weekly compensation benefits and $15,192.70 in medical payments.
On October 15, 1996, after having exhausted all of her sick and family medical leave, Ms. Jones was terminated from her employment at DHH. She appealed the decision to the Civil Service Commission, which ordered that she be reinstated to her position. The Commission ruled that Ms. Jones was entitled to receive back pay plus interest from October 15, 1996, until the date she was restored to her former provision.
On April 11, 1997, Ms. Jones and DHH settled her worker’s compensation claim based on the December 8, 1995 incident. She received a lump sum settlement of $15,000.00 in full satisfaction of her compensation claim.
Ms. Jones was reinstated to her former position by DHH on June 18, 1997. By letter dated June 20, 1997, her attorney apprised DHH that it owed $12,506.47 in back pay plus interest through July 1, 1997. In an affidavit, Ms. Jones denied earning wages or receiving unemployment compensation from the date of her separation from service through June 18, 1997.
pDHH refused to pay the back wages, citing the receipt of the $15,000.00 compensation settlement, which it claimed completely offset the amount of back wages and interest owed to Ms. Jones. Ms. Jones appealed to the Commission, claiming that DHH violated Civil Service Rule 13.38 by refusing to pay the back pay plus interest as ordered by the Commission. She also requested an additional attorney fee award for having to bring the second appeal.
The Civil Service Referee denied the appeal, believing the compensation settlement completely offset the amount of back wages to which Ms. Jones was entitled. The Referee noted that the purpose of any award of back pay is to make the employee whole, and found that allowing an employee to receive both a salary and workers’ compensation benefits for the same period would run counter to this goal. The Commission denied the appeal, making the decision of the Referee the final decision of the Commission. This appeal, taken by Ms. Jones, followed.
DISCUSSION
Civil Service Rule 13.38, which sets forth the responsibilities of an employee and an employer following a decision of the Commission, requires an employee, upon returning to work, to present satisfactory proof of “all wages earned or unemployment compensation received.” This provision entitles an employer to offset such amounts received against a back pay award. Plaintiff insists that the compensation settlement should have had no effect on her entitlement to back wages and that she should be allowed to recoup her full salary from her employer. She contends that workers’ compensation benefits are not payments for wages lost but rather are part of a social program and thus cannot be considered as “earned wages” for the *279 purpose of the credit allowed under Civil Service Rule 13.38.
We disagree with this argument. It is well settled that the purpose of the Workers’ Compensation Law is to replace lost wages and to compensate for the lost capacity to earn wages. Brooks v. Chicola, 514 So.2d 7, 11 (La.1987); Pierce v. Lafourche Parish Council, 98-1758, p. 3 (La.App. 1 Cir. 6/25/99), |4739 So.2d 297, 300. Workers’ compensation benefits compensate employees for loss of income resulting from on the job injuries. Id. Thus, at least part of the settlement entered into by Ms. Jones contained payments for lost wages during the period of separation.
Further, this court has previously allowed an employer to offset unemployment compensation benefits received by an employee during the period of separation against a back wage award. In Westrope v. Department of Health and Human Resources, 489 So.2d 1024 (La.App. 1st Cir. 1986), this court cited the obvious inequity in allowing a person to receive both unemployment compensation and back wages for the period of time that person’s wages were reinstated.
Similarly, it would be inequitable for a worker to receive both replacement lost wages and a full salary during the period of separation. Therefore, we agree that the compensation benefits received by Ms. Jones pursuant to the settlement should offset her back wage award. However, we find the Commission erred in utilizing the entire $15,000.00 award to offset the back wage award as that settlement could also encompass workers’ compensation benefits other than lost wages during the period of time from separation to reinstatement. Ms. Jones suggests that an equitable solution to the problem of determining an appropriate apportionment would be to credit back two-thirds of the award, which she claims would be representative of the salary to which she was entitled during the period of separation. She insists that she should be entitled to one-third of her back pay award to make up for the difference between the compensation settlement and her full back pay, which would “make her whole.” We agree, finding this proposition to represent a fair and equitable resolution of the offset issue.
Accordingly, we reverse the judgment of the Civil Service Commission. We enter an award in favor of Deonne Jones in the amount of $4,168.41, which represents one-third of the total back pay plus interest owed to her as of July 1, 1997 ($12,506.47). After that date, she is entitled to legal interest on the $4,168.41 back wage award, until paid. All costs of this appeal, in the amount [ 5of $116.00, are assessed to appel-lee, the Department of Health and Hospitals, Office of Mental Health, New Orleans Adolescent Hospital.
REVERSED AND RENDERED.
GUIDRY, J., concurs in part and dissents in part and assigns reasons.