JjLEON A. CANNIZZARO, JR., Judge.
This is an unemployment compensation case.[1] The plaintiff, Dwayne J. Lockett, appeals the judgment of the district court upholding the decision of the Louisiana Board of Review disqualifying him from unemployment compensation benefits. We affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
Mr. Lockett had been employed by Cre-sent City Toyota (Toyota) as a full-time, new car salesman for eight weeks when he was discharged from his employment due to his unauthorized overnight use of a company vehicle.
Shortly thereafter, Mr. Lockett filed an Unemployment Insurance Claim form with the Louisiana Department of Labor, Office of Regulatory Services, requesting unemployment compensation benefits. In response to his claim, Toyota filed with the Department of Labor a Separation Notice Alleging Disqualification form, asserting that Mr. Lockett was fired for “failure to follow company policy.” After evaluating the claim, the Department of Labor determined that Mr. Lockett | ¡yras not eligible to receive unemployment compensation benefits and sent him a Notice of Claim Determination, which stated:
You were discharged from your employment because of your failure to abide by company rules/policies. You were aware of these rules/policies. Your discharge was for misconduct connected with the employment.
Thereafter, Mr. Lockett appealed the Department of Labor’s denial of his claim to the Appeals Tribunal for the Office of Regulatory Services. A hearing was held before an Administrative Law Judge (ALJ), at which Mr. Lockett and Joseph Nugent, the General Administrative Manager for Toyota, testified. The ALJ made the following factual findings:
Only managers were authorized to take home one of the company vehicles overnight. The claimant admittedly was never authorized to use a company vehicle for that reason. If he needed to use a company vehicle for business or other reasons while at work, he had to ask permission.
*325 According to the employer’s policy manual and employee handbook, the unauthorized possession or use of company property, including vehicles for sale, was cause for disciplinary action including discharge. Although the claimant alleged that he was not given a copy of the policy, he admittedly understood that using a company vehicle without permission or authorization was not permitted. On the night of Saturday, February 2, 2002, the claimant made a late delivery of a vehicle to a customer at approximately midnight. The only other personnel on duty at the time was a security officer. The claimant admittedly left the facility between midnight and 12:30 a.m. with one of the vehicles from the employer’s used car lot. He admittedly understood that the employer kept control records of the vehicles which were off the lot overnight, but the claimant left no note nor made any record that he took the vehicle for any reason.
The claimant kept the vehicle off the lot and in his possession all day and all night, Sunday, February 3, |s2002. When he reported to work for approximately 9:00 a.m. on Monday, February 4, 2002, he returned the company vehicle. However, he made no attempt to notify his supervisor, nor anyone else about his personal use of the vehicle. When questioned by the general administrative manager, Joseph Nugent, the claimant admitted that he had taken the vehicle home two nights before. He maintained at the time that he did so because he worked late and because his wife allegedly was ill and unable to pick him up from work. The claimant was discharged immediately for the unauthorized use of a company vehicle.
When the claimant later filed for unemployment insurance benefits, he gave a statement indicating that he took the company vehicle home without permission because he alleged his wife got a flat tire on the way to pick him up and that he needed to help her. However, he gave no reason why he did not return the company vehicle right after the alleged emergency
The ALJ rendered the following decision: In this case, the claimant was discharged from the employment because he used a company vehicle without authorization or permission. Regardless of which reason the claimant gave for his admitted unauthorized use of the company vehicle, the facts are clear that he knew that such use was inappropriate and potentially detrimental to the employer’s interest. He also made no attempt to record his unauthorized use of the vehicle when he took it home nor to give notice of its use when he returned the vehicle until his misuse of the vehicle was discovered. Under the circumstances, it must be determined that the claimant was discharged from the employment due to misconduct connected with the employment. He should be disqualified.
Mr. Lockett appealed the ALJ’s decision to the Louisiana Board of Review, which affirmed the decision. Mr. Lockett thereafter filed a Petition for Judicial Review with the Civil District Court for the Parish of Orleans, who rendered a judgment affirming the board’s decision, denying Mr. Lockett unemployment compensation benefits. Mr. Lockett appealed.
| STANDARD OF REVIEW
Judicial review in unemployment proceedings is limited by La. R.S. 23:1634, which provides that “findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court (on appeal) shall be con *326 fined to questions of law.” La. R.S. 23:1634(B). Based on this statutory provision, the jurisprudence has defined judicial review, in cases such as this one, as requiring the following two-step process: “first, determination of whether the facts are supported by competent evidence, and second, whether the facts, as a matter of law, justify the action taken.” Harris v. Houston, 97-2847 (La.App. 4 Cir. 11/14/98), 722 So.2d 1042, citing Butler v. Gerace, 506 So.2d 619 (La.App. 4 Cir.1987).
Judicial review “does not entail the weighing of evidence, drawing of inferences, re-evaluation of evidence or substituting the views of this court for those of the Board of Review as to the correctness of the facts.” Dipol v. Administrator, Office of Employment Sec. of Louisiana Dep’t. of Labor, 526 So.2d 393, 394 (La.App. 4 Cir.1988). Nonetheless, “there must be legal and competent evidence to support the factual findings on which the administrative determination turns.” Id. Simply stated, the Board of Review’s findings “are conclusive if supported by sufficient evidence, since sufficiency of the evidence is always a question of law.” Charbonnet v. Gerace, 457 So.2d 676, 679 (La.1984).
ARGUMENT
Mr. Lockett argues that the trial court erred in affirming the Board of Review’s decision that the single unauthorized use of a company vehicle | ^constituted misconduct under La. R.S..23:1601(2)(a). Additionally, Mr. Lockett asserts that the trial court erred in accepting hearsay testimony in contradiction to his own testimony.
In opposition to the appeal, the Department of Labor argues that Mr. Lockett’s admitted unauthorized use of his employer’s vehicle constituted misconduct and was not the result of an emergency situation as he initially claimed. The department points out that Mr. Lockett’s only explanation for not returning the vehicle after he fixed his wife’s fiat tire was that he was tired.
DISCUSSION
In this case, Mr. Lockett was disqualified from receiving unemployment benefits pursuant to La. R.S. 23:1601(2)(a), as amended in 1990, which defines disqualifying misconduct as: “[Mjismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others.”
Prior to the 1990 amendment, the Louisiana Supreme Court, in Charbonnet, strictly construed the definition of misconduct within La. R.S. 23:1601 as that resulting from “willful or wanton disregard of the employer’s interest, from deliberate violation of the employer’s rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees.”
Since the 1990 amendment to La. R.S. 23:1601, the Second, Third, Fourth, and Fifth Circuits have addressed the legislative definition of misconduct in unemployment compensation matters. All have concluded that “misconduct” still requires either intentional wrongdoing or negligence to such an extent as to [ (¡manifest culpability or a showing of intentional and substantial disregard of the employer’s interest. See Emke v. Mouton, 617 So.2d 31 (La.App. 4 Cir.1993); Wood v. Department of Employment Security, 25,545 (La.App. 2 Cir.2/23/94), 632 So.2d 899; Gobert v. Louisiana Department of Employment Security, 94-1018 (La.App. 3 Cir. 3/8/95), 651 So.2d 508; and Taco Bell v. Perkins, 95-225 (La.App. 5 Cir. 9/26/95), 662 So.2d 34.
*327 Because of the beneficial purpose of unemployment compensation, the term “misconduct” should be construed so as to favor the awarding of benefits rather than disqualification. Charbonnet, supra. Furthermore, in cases where the employer seeks to deny unemployment compensation benefits to an employee because of misconduct, the burden of proof as to such misconduct is upon the employer. Harris, supra. The misconduct must be proven by a preponderance of evidence. Id. The evidence supporting the disqualification must be legal and competent. Holmes v. Forster, 00-0632 (La.App. 4 Cir. 2/14/01), 781 So.2d 656.
The pertinent facts in the present case are not in dispute. Mr. Lockett admitted that he took the vehicle home overnight without authority to do so. He further acknowledged that he should have left a note but did not. Moreover, it is clear from the testimony that upon returning the vehicle, Mr. Lockett still did not notify his employer of his actions until he was questioned.
The issue in this case is whether Mr. Lockett’s actions constituted misconduct pursuant to La. R.S. 23:1601(2)(a). After reviewing the transcript and considering the factors surrounding Mr. Lockett’s discharge, we find that the employer in this case fulfilled its burden of showing misconduct. Toyota presented sufficient evidence that Mr. Lockett intentionally failed to comply with its policies, and that his actions were potentially detrimental to its interests. Accordingly, we |7find that the evidence was sufficient to support the finding that Mr. Lockett’s unauthorized use of Toyota’s vehicle falls within the definition of misconduct.
Finally, we find no merit in Mr. Lock-ett’s argument regarding the admission of hearsay evidence. Other than stating the above as an issue for review, Mr. Lockett has not briefed the issue.
CONCLUSION
For the foregoing reasons, we find that competent evidence supports the findings of the ALJ, which were affirmed by the Board of Review. Therefore, the judgment of the district court upholding the Board of Review’s denial of unemployment compensation benefits to Mr. Lockett is affirmed.
AFFIRMED.

. The statutory provisions governing unemployment compensation are found in La. R.S. 23:1471 et seq., collectively referred to as the Louisiana Employment Security Law.